**Charles David ROBINSON, Petitioner-Appellee,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 28186.**

United States Court of Appeals,
Fifth Circuit.
May 28, 1970.

---

appealed the judgment of conviction to the Court of Criminal Appeals of Texas. That court affirmed the conviction. From the date of appellee's sentence, October 23, 1963, to the date the appeal was completed, October 16, 1964, appellee remained in the county jail.[1] Article 768 of the Texas Code of Criminal Procedure provided that a defendant who had appealed might be re-sentenced if the appeal was unsuccessful, in order to give him credit for time spent in jail pending appeal. The allowance of credit was and is within the trial court's complete discretion. In appellee's case, the sentencing judge did not choose to re-sentence him to give him credit for the eleven months and twenty-three days he had spent in jail pending appeal. Thus appellee commenced his ten-year prison term on October 16, 1964, even though he had been in jail since October 23, 1963.

The United States District Court found that the appellee should have been given credit for the time he had spent in the county jail pending his appeal. We agree.

Due process requires that a state, once it establishes avenues of appellate review, must keep those avenues free of unreasoned distinctions that impede open and equal access to the courts. North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. A defendant's right of appeal must be free and unfettered. *Id.* It is clear that under the Texas procedure, only those who appeal their convictions run the risk of longer imprisonment. Those who choose not to appeal begin to serve their sentence on the day sentence is pronounced. Vernon's Ann.C.C.P. art. 775 (1950), now art. 42.09 (1966). Those who choose to appeal, however, begin their sentence on the day the Court of Criminal Appeals issues its mandate. *Id.*; *see* Powell v. State, 1933, 124 Tex.Cr.R. 513, 63 S.W.2d 712, 713. After issuance of the mandate, the sentencing judge may or may not re-

---

Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., Lonny F. Zwiener, Robert C. Flowers, Asst. Attys. Gen., for respondent-appellant.

Charles David Robinson, pro se.

Robert E. Goodfriend, Dallas, Tex., for petitioner-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM.

This is an appeal by the State of Texas from an order of the United States District Court for the Northern District of Texas granting appellee's petition for habeas corpus. Appellee was convicted of felony theft in a state criminal court and on October 23, 1963 was given the maximum sentence of ten years imprisonment in the penitentiary. Appellee

---

1. Appellee's court-appointed counsel did not apply for bail because he thought it would be futile since appellee was an indigent and sentenced to a ten-year term.

sentence the defendant, giving him credit for whatever time he has spent in jail pending the appeal. That statutory scheme tends to impede open and equal access to appellate review since it may deter a defendant from appealing because of a fear that the sentencing judge will not give him credit for the time he has spent in jail pending appeal. The scheme is also deficient in that it does not require the sentencing judge to explain this refusal to allow credit for the time a prisoner spends in jail pending appeal. *See* North Carolina v. Pearce, *supra*, 395 U.S. at 726, 89 S.Ct. at 2081. Therefore, the order of the district court granting the application for writ of habeas corpus is

Affirmed.