**Johnnie PRUETT, Petitioner-Appellee,**

v.

**The STATE OF TEXAS, Respondent-Appellant.**

**No. 71-3284.**

United States Court of Appeals, Fifth Circuit.

June 12, 1972.

Rehearing En Banc Granted Aug. 16, 1972.

For en banc opinion, see 470 F.2d 1182.

Crawford Martin, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Jim Vollers, State's Atty., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

David L. Tisinger, Austin, Tex., for petitioner-appellee.

Before DYER, Circuit Judge, SKELTON, Judge,* and INGRAHAM, Circuit Judge.

SKELTON, Judge:

In this case, the State of Texas has appealed from an order of the United States District Court for the Western District of Texas, the Honorable D. W. Suttle presiding, granting the petition for a writ of habeas corpus of Johnnie Pruett, appellee herein.

The facts show that Pruett, a young man 18 years of age, was convicted of sodomy on July 25, 1969, in the 52nd District Court of Coryell County, Texas, and sentenced to two years confinement in the Texas Department of Corrections (penitentiary). He appealed his sentence to the Court of Criminal Appeals, the highest court in Texas in criminal matters. In the meantime, he was unable to make bond and was required to remain in jail during the 19 months it required to process his appeal. The conviction was affirmed in Pruett v. State, 463 S.W.2d 191 (Tex.Crim.App.1970), and the mandate was issued on March 3, 1971. Pruett appealed the case to the United States Supreme Court, but the appeal was dismissed, 402 U.S. 902, 91 S.Ct. 1379, 28 L.Ed.2d 643 (1971).

On March 8, 1971, Pruett filed a motion with Judge J. F. Clawson, Judge of the 169th District Court of Bell County, Texas, sitting by assignment in the 52nd District Court of Coryell County, asking to be resentenced in accordance with Articles 42.03 and 42.09 of the Texas Code of Criminal Procedure, and seeking credit upon his sentence for the time spent in jail pending the appeal of his case, together with "good time" for good behavior while in jail, all as authorized by Articles 6184*l* and 5118a Revised Criminal Statutes of Texas. At that time, he had been in jail 22 months. In his motion and brief in support thereof, Pruett relied on the above statutes and on the cases of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Robinson v. Beto, 5 Cir. 1970, 426 F.2d 797; Ex parte Griffith, 457 S.W.2d 60 (Tex.Crim.App.1970); Bennett v. State, 450 S.W.2d 652 (Tex.Cr.App.1970); Gilliam v. State, 174 Tenn. 388, 126 S.W.2d 305 (1939); State v. McLellan, 87 Tenn. 52, 9 S.W. 233 (1888); and the 14th Amendment to the United States Constitution.

In passing upon Pruett's motion, Judge Clawson considered the above authorities and concluded that since Article 6184*l* allows a minimum of ⅓ credit for good time to prisoners in the penitentiary and Article 5118a allows ⅓ credit for good time to inmates of the county jail, Pruett was entitled to the same good time for the time he spent in jail pending his appeal. Judge Clawson concluded that to deny Pruett such good time would be to deny him his constitutional rights to equal protection of the laws under the 14th Amendment to the United States Constitution and would be contrary to the decision of the Supreme Court in the *Pearce* case, which held that jail time must be credited to a prisoner "including good time."[1] Accordingly, Judge Clawson resentenced Pruett, subtracting 19 months and 14 days from his sentence for time spent in jail pending appeal, and, in addition, allowed him credit for good time equal to ⅓ of the days actually served in jail in the amount of six months and 24 days. The total of these credits amounted to more than Pruett's sentence of 24 months, and the court considered his sentence as having been fully served and ordered his release from custody.

Thereafter, the State of Texas, acting through the District Attorney of Coryell County, filed a petition seeking a writ of prohibition with the Court of Criminal Appeals of Texas against Judge Clawson to compel him to enforce the mandate of such court. The court considered the petition as being one for a

---

* Judge Byron G. Skelton, U. S. Court of Claims, sitting by designation.

1. All of this is shown in the testimony of Judge Clawson in Federal Court at the Writ of Habeas Corpus hearing, which is the subject of this appeal.

writ of mandamus. Notice was issued to Judge Clawson to appear and show cause why the writ should not issue. He appeared in person and by attorney, who filed a brief and presented oral argument, in both of which the above authorities were discussed and Pruett's constitutional rights under the 14th Amendment to the Constitution with respect to equal protection of the laws and due process were fully presented.

Pruett was not made a party to these proceedings and was not served with any notice thereof. Nevertheless, he learned about them and filed the following pleadings with the Court of Criminal Appeals:

1. Motion to Intervene.
2. Motion for Postponement.
3. Motion to Dismiss.
4. Alternative Plea for Relief.
5. Application for Stay.

The Court of Criminal Appeals overruled all of such motions and allowed Pruett's attorney to appear only as amicus curiae and speak for ten minutes.

In Pruett's motion to dismiss and application for stay, the above authorities were discussed and the fact that he was being denied his constitutional rights under the 14th Amendment to the Constitution with respect to his civil rights and equal protection of the laws and that he was being subjected to double jeopardy were fully presented to the court. In his alternative plea for relief, Pruett asked the court itself to enter an order discharging him in accordance with his constitutional rights aforesaid if it concluded that Judge Clawson did not have the authority to enter such an order. The court declined to do so, and proceeded to hand down an opinion, State ex rel. Vance v. Clawson, 465 S.W.2d 164 (Tex. Crim.App.1971) that Judge Clawson was without authority to give Pruett credit for good time and that his order in that respect was void. It ordered Pruett arrested to serve the remaining portion of his sentence in the penitentiary.

In its decision, the Court of Criminal Appeals decided the case solely on its interpretation of Article 5118a by saying that such article only applies to misdemeanor cases and does not authorize good time for felons in jail pending appeal of their cases. With due respect to that learned court, we feel compelled to say that such an approach appears to be wide of the mark. Judge Clawson did not allow Pruett good time solely on the basis of Article 5118a, but on the broad basis of the total statutory scheme of Texas with reference to good time as encompassed by both Article 5118a and Article 6184*l*, and as required by North Carolina v. Pearce, *supra*, and Robinson v. Beto, *supra*, and the 14th Amendment to the Constitution with respect to due process and equal protection of the laws.

When the Court of Criminal Appeals handed down its decision, Judge Clawson, as he was required to do, entered an order revoking his prior decision allowing good time to Pruett and ordering his arrest to serve the remainder of his time. Whereupon, Pruett filed an application for a writ of habeas corpus with the U. S. District Court. Judge Suttle of that court set the case for hearing and after considering the evidence and the law, handed down a decision on the above authorities upholding the original decision of Judge Clawson that Pruett was entitled to the good time on his sentence. Judge Suttle said:

\* \* \* Thus, because he appealed his conviction, petitioner, under the relevant State statutes as construed by its Courts, was excluded from consideration for good-time credit otherwise afforded both misdemeanor and felony prisoners who do not appeal. Such a result is constitutionally impermissible.

The Court of Criminal Appeals correctly held that petitioner was entitled to credit toward his final sentence for time spent in custody pending appeal. See Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970). But to fully insure that the State's appellate avenues are free from unreasonable distinctions that impede open and equal access to the Courts, this credit must be complete and full. North Carolina v.

Pearce, 395 U.S. 711, 719 n. 13 [89 S. Ct. 2072, 23 L.Ed.2d 656] (1969); * * *. The result of the instant statutory scheme, which denies petitioner consideration for good-time credit available to other prisoners because he appealed his conviction, creates both an unjustified classification and unreasonable impediment to appellate review of criminal convictions, and hence violates petitioner's rights under the 14th Amendment to the United States Constitution.

Petitioner must therefore be considered for good-time credit as would other State prisoners. Since both of the pertinent statutes provide for ⅓ credit for time served, a choice between them for computation need not be made. * * * Furthermore, since the conduct record required under both statutes has not been kept and there is no evidence of any "sustained charge of misconduct," *ibid*, petitioner must be credited with the time found due him by the convicting Court. See Gilliam v. State, 174 Tenn. 388, 126 S.W. 2d 305, 307 (1939).

The Petition for Writ of Habeas Corpus is therefore, in all things, GRANTED, and Respondents shall release petitioner from further custody in relation to the instant sentence, and IT IS SO ORDERED.

[See Appellant's Brief, Appendix A at 1a–3a]

The State of Texas has appealed the decision of Judge Suttle only with respect to the good time credited to Pruett, on two grounds:

(1) That Pruett has not exhausted his state remedies; and

(2) The U. S. District Court has overruled the interpretation of a state statute by the highest court of the state.

■ As to the first ground, we have concluded that Pruett did in fact exhaust his state remedies. He presented the exact questions now before this court to the Court of Criminal Appeals of Texas in plain and unambiguous terms in the various motions he filed in that court as set forth above, in at least two of which he complained that to deny him good time for the time he spent in jail is a denial of equal protection of the laws under the 14th Amendment to the Constitution and the imposition of double jeopardy upon him by way of punishment. Also, Judge Clawson presented the same argument to that court through his attorney Bob Burleson by brief and oral statement. The state now says Pruett should be required to file an application for a writ of habeas corpus with the state court. This would be futile and unwarranted. Such an application would have to be filed with Judge Clawson who would have to deny it because he is under orders of the Court of Criminal Appeals to reject it. An appeal would then lie to such higher court, which has already had an opportunity to rule on the constitutional and other questions involved, but failed to do so. The law does not contemplate such futile, useless, expensive, and time-consuming efforts on the part of an accused. *See* Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); and Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

As to the second ground of the appeal, it is our view that the state has missed the main point of the case. Neither Judge Clawson nor Judge Suttle based their decision on the meaning or interpretation of Article 5118a. Their decisions were based on the broad statutory scheme of Texas whereby good time is allowed to prisoners in the penitentiary under Article 6184*l* and to inmates of jails under Article 5118a but is denied to convicted felons in jail pending the appeal of their convictions. They held that such a system is discriminatory and in violation of the rights of such prisoners under the 14th Amendment to the Constitution as interpreted by the courts in the *Pearce* and *Robinson* cases. The interpretation by the Court of Criminal Appeals that Article 5118a only applies to prisoners serving misdemeanor sentences in jail does not control nor affect the

broad constitutional question here involved that formed the basis of the decisions of the state and federal district courts.

■■ We hold that the decisions of Judge Clawson and Judge Suttle were correct, and that Pruett was entitled to good time for the time served in jail pending the appeal of his case, the same as if he had accepted his sentence and had gone to the penitentiary, and the same as any prisoner serving his time in jail for a misdemeanor conviction. The facts show 'that if Pruett had not appealed his case he could have been released after serving 14 months. By appealing, he served 22 months and is now denied good time by the state which insists he must now serve two more months in the penitentiary. Such a system is clearly discriminatory and in violation of Pruett's rights under the equal protection clause of the 14th Amendment to the Constitution.[2]

The 14th Amendment to the Constitution provides:

* * * No State shall make or *enforce* any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of * * * liberty, * * * without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. [Emphasis supplied.]

■ In the case before us, we have two state statutes, Article 5118a and 6184*l*, each of which standing alone does not appear to violate the above provision of the Constitution, but their *enforcement* together so as to deny a convicted felon good time while he is in jail pending the appeal of his case when at the same time allowing such good time to convicted felons who have not appealed, and allowing good time to prisoners serving misdemeanor sentences in jail, is clearly a denial of the equal protection of the laws which abridges the privileges of a citizen of the United States and deprives him (Pruett) of liberty without due process of law. The enforcement of such laws put a premium on not appealing sentences of conviction and constitutes a threat to a convicted person that if he appeals he will lose good time he might otherwise have. This cannot be countenanced. The right to appeal any conviction or the decision of any court is a sacred right that must remain free, open and unfettered and without fear, threats or penalty. The State of Texas would deny these rights in the present case by denying Pruett the good time he has earned by serving time in jail only because he has appealed his case. Such denial is clearly a penalty imposed upon him because he chose to exercise his constitutional right to appeal his conviction. This is readily apparent when it is considered that other convicted prisoners who do not appeal their convictions are given good time for jail confinement as credits on their sentences. The enforcement of such a statutory scheme cannot be said to afford "equal protection of the laws" to all persons equally situated.

In North Carolina v. Pearce, *supra*, the Supreme Court said:

We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited"[13] in im-

13. Such credit must, of course, include the time credited during service of the first prison sentence *for good behavior*, etc.
[*Id.* 395 U.S. at 718–719, 89 S.Ct. at 2077.] [Emphasis supplied.]

posing sentence upon a new conviction for the same offense. * * *

The Supreme Court went on to say that there must not be any penalty imposed on anyone for exercising his constitutional rights of appeal, and that the ap-

2. It should be noted that the sheriff kept no records of the conduct of Pruett while he was in jail. Under these circumstances, it must be presumed that his conduct was good. *See* Gilliam v. State, 174 Tenn. 388, 126 S.W.2d 305 (1939) and State v. McLellan, 87 Tenn. 52, 9 S.W. 233 (1888).

peal process must remain free and unfettered and available to defendants without fear of reprisals or retaliation. In this connection, the Court said:

* * * "[P]enalizing those who choose to exercise" constitutional rights, "would be patently unconstitutional." United States v. Jackson, 390 U.S. 570, 581 [88 S.Ct. 1209, 1216, 20 L.Ed.2d 138]. And the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to "chill the. exercise of basic constitutional rights." Id., at 582 [88 S.Ct. at 1216]. See also Griffin v. California, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]; cf. Johnson v. Avery, 393 U.S. 483 [89 S.Ct. 747, 21 L.Ed.2d 718]. * * * A court is "without right to . . . put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered . . . * * [I]t is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. Griffin v. Illinois, 351 U.S. 12 [76 S.Ct. 585, 100 L.Ed. 891]; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Lane v. Brown, 372 U.S. 477 [83 S.Ct. 768, 9 L.Ed.2d 892]; Draper v. Washington, 372 U.S. 487 [83 S.Ct. 774, 9 L.Ed.2d 899]." * * * [Id. at 724–725, 89 S.Ct. at 2080.]

This court followed the decision in the *Pearce* case in Robinson v. Beto, 5 Cir. 1970, 426 F.2d 797. This court said in that case that "a defendant's right of appeal must be free and unfettered." *Id.* at 798. The decision was on the appeal by the State of Texas from an order of a federal district court granting a writ of habeas corpus holding that the state district judge was in error in not giving the defendant credit on his felony sentence for the time he spent in jail pending the appeal of his case. In commenting on the Texas system, the court said:

* * * That statutory scheme tends to impede open and equal access to appellate review since it may deter a defendant from appealing because of a fear that the sentencing judge will not give him credit for the time he has spent in jail pending appeal. [*Id.* at 799.]

The Texas Court of Criminal Appeals recognized the controlling effect of Robinson v. Beto when it stated in the case of Ex parte Griffith, 457 S.W.2d 60 (1970) as follows:

The ultimate effect of Robinson destroys the statutory discretion vested in the trial judge by Article 42.03, supra, as to granting credit for post sentence confinement pending appeal. It it now mandatory as a constitutional requirement that each such defendant receive credit for such time. See also Cole v. North Carolina (4th Cir.) 419 F.2d 127. [Footnotes omitted.] [*Id.* at 65.]

Thus, it is no longer open to question in Texas that a prisoner must be given credit for time spent in jail pending the appeal of his case. The only difference between *Pearce* and *Robinson, supra,* and the instant case is that in those two cases, the courts were concerned with "regular time" spent in jail pending appeal, whereas, in our case, "good time" only is involved. In our opinion, no distinction should be made. A number of courts have held that a statute providing for good time becomes a part of the sentence and inheres into the punishment assessed. In the early case of In re Wadleigh, 82 Cal. 518, 23 P. 190 (1890), the Supreme Court of California said:

* * * [T]he statute provides, in express terms, that certain credits or deductions from the term of imprisonment imposed shall be allowed for good conduct. * * * This provision enters into and becomes a part of the judgment of the court below. * * * If the term for which he is imprisoned has expired, allowing him the credits provided for, he is entitled to be discharged * * *. [*Id.* at 191.]

In Fite v. State, 114 Tenn. 646, 88 S.W. 941 (1905), the court held:

> \* \* \* [W]hen judgment is pronounced upon the convict assessing his punishment by implication of law he is entitled to the provisions of a statute prescribing credits for his good behavior; \* \* \*. [*Id.* at 943.]

Again in Gilliam v. State, 174 Tenn. 388, 126 S.W.2d 305 (1939), the Supreme Court of Tennessee held:

> \* \* \* [A]n Act of the Legislature, in existence at the date of the judgment against the convict, specifically defining credits for good conduct, "becomes a part of the sentence, and inheres into the punishment assessed." \* \* \* [*Id.* at 306.]

It is clear from these authorities, as well as from ordinary logic, that a prisoner is as much entitled to good time (for good conduct) for time spent in jail pending the appeal of his case as he is to regular time spent in jail during the same period, and we so hold.

Furthermore, the Texas Court of Criminal Appeals held in Ex parte Anderson, 149 Tex.Cr.R. 139, 192 S.W.2d 280 (1946), that good time is not a gift or clemency, but is time earned by the convict. Since it is time *earned,* it necessarily is time that has been served. Time that has been served once should not have to be served again, because that would amount to double jeopardy. This leads us to consider the contention of Pruett that a denial to him of good time for his jail service subjects him to double jeopardy in violation of the 5th Amendment to the Constitution. The *Pearce* case supports his position on this aspect of the case. In that case, the Supreme Court said:

> The Court has held today, in Benton v. Maryland, *post,* [395 U.S.] p. 784 [89 S.Ct. 2056, 23 L.Ed.2d 707], that the Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. That guarantee has been said to consist of three separate constitutional protections. It

protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. This last protection is what is necessarily implicated in any consideration of the question whether, in the imposition of sentence for the same offense after retrial, the Constitution requires that credit must be given for punishment already endured. The Court stated the controlling constitutional principle almost 100 years ago, in the landmark case of Ex parte Lange, 18 Wall. 163, 168, 21 L.Ed. 872:

> "If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence. And . . . there has never been any doubt of [this rule's] entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence.
>
> \* \* \* \* \*
>
> ". . . [T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it." *Id.,* at 173.

We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully "credited" in imposing sentence upon a new conviction for the same offense. \* \* \*

We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited" [13] in imposing sen-

13. Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc.
[*Id.* 395 U.S. at 717–719, 89 S.Ct. at 2076.]

tence upon a new conviction for the same offense. \* \* \*

According to the decision in *Pearce*, quoted above, Pruett could not be punished twice for the same offense. Since he had earned good time on his sentence, if he is required to serve the same time again, that would amount to "multiple punishments for the same offense" and would violate the double jeopardy provision of the 5th Amendment to the Constitution.

In view of the conclusions we have reached, as set forth above, we do not reach the other contentions of the parties in this case.

We hold that the decision of State District Judge Clawson allowing Pruett good time for time served in jail pending the appeal of his case and discharging him from custody for the reason he had fully served his sentence was proper, and the judgment of Federal District Judge Suttle to the same effect and granting the writ of habeas corpus and ordering Pruett released was correct and should be affirmed and such judgment is hereby affirmed and Pruett is ordered released in accordance with the decision of the district court.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc, it is ordered that the cause shall be reheard by the Court en banc on briefs without oral argument. The Clerk shall set a briefing schedule for the filing of supplemental briefs.