Johnnie PRUETT, Petitioner-Appellee,

v.

STATE OF TEXAS, Respondent-Appellant.

No. 71-3284.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1973.

———◆———

Crawford Martin, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Jim D. Vollers, State's Atty., Austin, Tex., for respondent-appellant.

David L. Tisinger, Austin, Tex., for petitioner-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

DYER, Circuit Judge:

At the behest of the State of Texas this case was considered by the Court en banc. While we adhere to the panel decision we emphasize that the holding is limited to the unique situation concerning the lack of finality of convictions pending appeal which obtains in Texas, and that the holding shall have prospective application only.

■ In Texas a felony conviction that is appealed is not *final* until it has been affirmed by the Court of Criminal Appeals of the State of Texas. In the interim, from conviction to final conviction, an indigent prisoner is held in the county jail by the sheriff. Once the conviction becomes final the prisoner is transferred to the state prison and he is thereafter in the custody of the Texas Department of Corrections. The prisoner, of course, has no choice of custodian.

In this case the State of Texas refused to give Pruett "good time" credit under Article 5118a Vernon's Ann.Tex.St. for the time that he was confined in the county jail pending his appeal because the statute was said to apply only to those finally convicted and serving a misdemeanor sentence. The State also refused to give Pruett good time credit under Article 6184*l* V.A.T.S. since it had been interpreted to apply only to prisoners in the actual custody of the Texas Department of Corrections serving a prison, not a jail sentence.

■ In sum, because Pruett was too poor to make bond he was required to stay in jail while he took his appeal. His fellow inmates in the county jail were entitled to good time credit under Article 5118a. His prospective fellow inmates in the prison were entitled to good time credit under Article 6184*l*. The only basis for distinguishing Pruett is that he appealed.

In the panel decision the Court said *inter alia:*

> In the case before us, we have two state statutes, Article 5118a and 6184 (1), each of which standing alone does not appear to violate the * * * [14th Amendment to the] Constitution, but their enforcement together so as to deny a convicted felon good time while he is in jail pending the appeal of his case when at the same time allowing such good time to convicted felons who have not appealed, and allowing good time to prisoners serving misdemeanor sentences in jail, is clearly a denial of the equal protection of the laws which abridges the privileges of a citizen of the United States and deprives him (Pruett) of liberty without due process of law. The enforcement of such laws put [sic] a premium on not appealing sentences of conviction and constitutes a threat to a convicted person that if he appeals he will lose good time he might otherwise have. This cannot be countenanced.

Pruett v. Texas, 5 Cir. 1972, 468 F.2d 51. We reaffirm this holding.

The State of Texas argues that disastrous administrative consequences will flow from our decision. It points out that the county sheriffs have not been required to keep, nor have they kept, records concerning the behavior of convicted felons whose cases are on appeal. Furthermore, under the present parole system a prisoner does not come to the attention of the Parole Board until he is "finally" convicted, and "assuming a rather lengthy period of time spent in the county jail pending appeal a convicted felon could very well become eligible for parole before his conviction became final."

While these considerations may have serious bearing upon applying good time credit retrospectively, proper administrative steps can be taken so that they will pose no problems in the future.

■ We proceed upon the premise that "we are neither required to apply, nor prohibited from applying, a decision retrospectively." Linkletter v. Walker, 1965, 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601. In Stovall v. Denno, 1967, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, the criteria for making retrospective determinations were stated to be: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

■ In the retrospective application of its constitutional decisions, the Supreme Court has centered on those guarantees affecting the fact-finding process and has emphasized that the "basic purpose of a trial is the determination of truth." Tehan v. Shott, 1965, 382 U.S. 406, 416, 86 S.Ct. 459, 465, 15 L.Ed.2d 453. This concern for a fair trial stems from a desire to prevent the conviction of innocent persons by protecting the integrity of the judicial process, whether at certain kinds of arraignments, Hamilton v. Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; at trial, Gid-

eon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; or on appeal, Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. The purpose of requiring good time credit to be given from conviction to final conviction under the unique Texas penal system, however, is to remove a penalty imposed upon an indigent solely because he chooses to exercise his constitutional right to appeal his conviction. Such a practice is obviously not an adjunct to ·the ascertainment of truth. While retrospective application of this practice might eliminate some injustice, when viewed in the light of the following two countervailing criteria, the purpose behind the practice is not such as would require anything except prospective application. Cf. Stovall v. Denno, 1967, 388 U.S. 293, 299–300, 87 S.Ct. 1967, 18 L.Ed. 2d 1199.

With respect to the second prong of the Stovall test there can be no doubt of Texas' good faith reliance on the rule that good time was not to be credited to an indigent prisoner held in the county jail pending appeal. See State ex rel. Vance v. Clawson, 1971, Tex.Cr.App., 465 S.W.2d 164. The rule has been uniformly applied and until this case had never been contested.

Finally, Texas asserts, and we think correctly so, that the good time rule which we here require, if applied retrospectively, would release a torrent of applications for habeas corpus seeking a recomputation of time served. It would be virtually impossible to make such recomputations because neither the county sheriffs nor the Texas Department of Corrections has kept records with respect to the behavior of convicted felons during the pendency of their appeals.

Under the circumstances, we conclude that our holding shall have prospective application only; that is to say, good time credit for the period from conviction to final conviction shall be computed and accrue as to all felony convictions which become final by affirmance of the Court of Criminal Appeals of the State of Texas after the date of this opinion.

As herein modified, we adhere to the opinion of the panel of this Court. The judgment of the district court is

Affirmed.

AINSWORTH, Circuit Judge, with whom SIMPSON, Circuit Judge joins, dissenting:

I respectfully dissent. *See* Dandridge v. Williams, 397 U.S. 471, 484–486, 90 S.Ct. 1153, 1161–1162, 25 L.Ed.2d 491 (1970). Cf. North Carolina v. Pearce, 395 U.S. 711, 722–723, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656 (1969).