Charles Mike KANE, Petitioner,

v.

The STATE OF TEXAS et al.,
Respondents.

No. 73-H-366.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 14, 1975.

A. H. Evans and William L. LaFuze, Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., for petitioner.

John L. Hill, Atty. Gen. of Tex., Larry F. York, Executive Asst. Atty. Gen., Joe B. Dibrell, Jack Boone, Asst. Attys. Gen., Austin, Tex., for respondents.

MEMORANDUM OPINION:

SEALS, District Judge.

The Court, having considered Petitioner's Petition for a Writ of Habeas Corpus, Respondent's Answer, and the briefs submitted by both parties, hereby orders:

The Petition is granted.

Petitioner is seeking good time credit refused to him by Respondent for time spent in the Harris County Rehabilitation Center (HCRC), which is a county jail, prior to Petitioner's transfer to the Texas Department of Corrections (TDC).

Petitioner was incarcerated in the HCRC continuously from March 30, 1972 to November 8, 1972. He was then transferred to the TDC. The period of time Petitioner spent in the HCRC includes the time before his guilty plea and sentence, the time when his appeal to the Court of Criminal Appeals was pending, and the time after which his appeal was denied and his conviction was affirmed, to the time he was transferred to the TDC. The two time periods most relevant to this Petition are the time between his sentence and its affirmance (May 24, 1971 to June 7, 1972), and the time between the affirmance and Petitioner's transfer to the TDC (June 7 to November 8, 1972).

It is the Respondent's contention that whether or not Petitioner can be granted good time by this Court for the first time period is governed by the Court of Appeals decisions in Pruett v. Texas, 468 F.2d 51 (5th Cir. 1972), aff'd and modified in part, 470 F.2d 1182 (5th Cir.) (en banc), aff'd 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973). There the Court of Appeals ruled that time in jail pending an appeal must be included for good time credits inasmuch as there would be a chilling effect on one's right to appeal if good time were denied. However, in its en banc opinion the Court of Appeals recognized that this decision would cause great administrative difficulties were it made retroactive. Therefore, it was held that inasmuch as conduct records had not been

kept on convicted felons incarcerated in county jails pending appeals, the rule in *Pruett* would

> have prospective application only; that is to say, good time credit for the period from conviction to final conviction shall be computed and accrue as to all felony convictions which become final by affirmance of the Court of Criminal Appeals of the State of Texas after the date of this opinion.

470 F.2d at 1184. However, in the case at bar conduct records were kept at the HCRC which the Respondent has stipulated are sufficient for the purpose of awarding good time credits. Therefore, because the basis of the holding that *Pruett* shall have prospective application, i. e. the absence of conduct records, does not exist in the case at bar then the rule should not apply here either. The records kept by the HCRC, though possibly not as voluminous or detailed as those kept by the TDC, may, for the purposes of awarding good time credits, serve the same purpose as the records kept by the TDC. It is unfortunate that not all county jails kept records as did the HCRC, however, where a county jail did keep records sufficient on which to base an award for good time credits it would seem to be unduly arbitrary to deny good time credits to a prisoner concerning whom sufficient records do exist.

In considering the second time period in question—the time between the affirmance of the sentence and Petitioner's transfer to TDC—*Pruett* does not apply. In fact, it does not appear that anything applies. A convicted felon pending appeal receives good time, even though he is in a county institution, so long as his conviction is affirmed post-*Pruett.* If his appeal is pending and he is in the TDC, he would certainly come within *Pruett,* probably even if the finalization is pre-*Pruett,* but he can also come within the special circumstances of Ex parte Bennett, 508 S.W.2d 646 (Tex. Cr.App.1974), if his original appeal results in a reversal. A finally convicted felon in the TDC receives good time under state statutory authority, Art. 6184*l,* Vernon's Ann.Tex.Civ.St., and misdemeanants in county institutions are granted good time under state statutory and decisional authority, Art. 5118a; Texas ex rel. Vance v. Clawson, 465 S.W. 2d 164 (Tex.Cr.App.1971). However, the Petitioner here appears to be in a state of legalistic limbo.

Thus, as to the second time period, there appears to be no applicable statute or precedent. The fact that the Petitioner remained in the HCRC for some five months was a result of inaction on the part of the Respondent, and the Petitioner should not be forced to suffer for the mistakes of the officials responsible for his tardy transfer. As the Court of Appeals noted in *Pruett,* "[t]he prisoner, of course, has no choice of custodian." 470 F.2d at 1183.

Therefore, it is the opinion of this Court that the Petitioner is entitled to good time credit for both time periods in question. As to the first time period, *Pruett* does not apply because records exist showing no serious misconduct on the part of Petitioner while in the HCRC, Pre-Hearing Stipulations of Fact No. 10, the records are available to the TDC, Stipulation No. 7, and the lack of evidence of misconduct would permit Petitioner to receive good time credits but for the fact that Respondent contends that Petitioner is not entitled to them, Stipulation No. 13. As to the second time period in question, there exists neither statute, nor precedent, nor any rational reason for denying Petitioner good time credits merely because the Respondent failed to expeditiously transfer Petitioner from the HCRC to the TDC.

Therefore, it is hereby ordered as follows:

1. Respondent shall apply its usual standards and regulations in computing Petitioner's good time credits;

2. Any such good time credits shall include the time Petitioner was incarcerated in the Harris County Rehabilitation Center from May 24, 1971 to November 8, 1972.