**Ex parte Henry Lee JOHNSON.**

**No. 51312.**

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

---

W. John Allison, Jr., Dallas, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a post conviction habeas corpus proceeding under Article 11.07, V.A.C.C.P.

Petitioner was convicted of robbery by assault. The punishment, enhanced under the provisions of Article 62, Vernon's Ann. P.C., was assessed at life. The trial began on September 9, 1968. The judgment was pronounced and entered on September 13, 1968, and sentence was pronounced and entered on February 11, 1969. Petitioner appealed from such conviction, and the judgment of the trial court was affirmed by this Court. See *Johnson v. State,* 463 S.W.2d 736 (Tex.Cr.App.1971). On March 26, 1971, after the mandate of this Court was issued, the trial court resentenced petitioner for the purpose of allowing him credit for the time he had served in jail. He was granted credit for the time he had spent in jail, with the trial court ordering that sentence was to begin January 14, 1968. The trial court did not grant the petitioner any good time credit.

Petitioner is now seeking good time credit for the time he served in jail prior to his transfer to the Texas Department of Corrections. Petitioner relies on *Pruett v. Tex-*

*as,* 468 F.2d 51 (5th Cir. 1972), aff'd and modified in part, 470 F.2d 1182 (5th Cir., en banc), aff'd 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973), holding that a state prisoner was entitled to good time credit for the period of time spent in jail prior to his transfer to the Texas Department of Corrections. However, in *Pruett,* it was expressly held that the rule there announced would have prospective application only.

This Court refuses to apply the rule announced in *Pruett* retroactively. Therefore, petitioner's requested relief is denied.

DOUGLAS, J., not participating.