ROY NOBLE LEE, Presiding Justice,
for the Court:
This is a pro se appeal by Roosevelt Lacy, who is presently incarcerated at the Mississippi State Penitentiary, from an order of the Circuit Court of Sunflower County, Mississippi, dismissing his petition for writ of habeas corpus.
The sole question involved in this appeal and presented in the petition for writ of habeas corpus is whether or not appellant received all of his jail time credits, whether his constitutional rights were violated in denying him good time credit, and whether or not the lower court erred in dismissing his petition for writ of habeas corpus.
On June 28, 1982, Lacy was arrested for felony shoplifting, and was held in the Columbus City Jail. On August 26, 1982, he was convicted and sentenced to serve a term of five (5) years, the maximum term for the charge. Lacy appealed his conviction to this Court and on June 8, 1983, the conviction was affirmed. 432 So.2d 1205. The mandate was issued on June 24, 1983. During this time, he was held in the Lowndes County Jail. On July 1, 1983, he was transferred to Parchman, and was credited with jail time but not “good time” while in jail awaiting disposition of his appeal.
Lacy was held for sixty-four (64) days before his trial. Another two hundred eighty-six (286) passed until his conviction was affirmed. Then twenty-two (22) days passed before he was physically transferred to Parchman. He was, however, classified as a Class IV offender on June 8,1983.
The classification of offenders is set forth in Mississippi Code Annotated § 47-5-139 (1972). Class IV prisoners are not eligible for “earned time” (“good time”) credit. All prisoners are put in Class IV upon their arrival in the corrections system. A prisoner must remain in Class IV for at least thirty (30) days, then he may be reclassified as often as necessary thereafter. Lacy quickly progressed to Class I.
Lacy contends that the fact he was not allowed to earn “good time” while his appeal was pending violates the Equal Protection and Due Process Clauses of the Constitution. It is unquestioned that Lacy was incarcerated pending the affirmance of his conviction. This was apparently due to his inability to make bail due to indigence. He contends that had he not appealed he would have become eligible to earn “good time” from the date of his conviction. Alternatively, had he been able to make bail, he would have been free pending the affirmance. Therefore, he argues that, due to the fact he exercised his right to appeal and was indigent, he will be incarcerated longer than others who commit the same crime and receive the same sentence.
Mississippi Code Annotated § 99-35-131 (1972) provides:
In case of an affirmance by the supreme court of a judgment for imprisonment, if the appellant had remained in prison pending the appeal, the time of imprisonment shall be credited to him, but if he have [sic] been on bail, the supreme court shall fix the time for the commencement of his imprisonment, under the judgment of affirmance, so as to cause him to suffer the full time of imprisonment fixed by the judgment of the court below.
*65 Mississippi Code Annotated § 47-5-139 (Supp.1981), provides “good time”:
(1) In order to encourage discipline, a distinction shall be made in the treatment of offenders so as to extend to all such as are orderly, industrious and obedient the comforts and privileges according to their deserts. The reward to be bestowed on prisoners for good conduct and performance shall consist of such relaxation of strict prison rules and ex-, tension of social privileges as may be consistent with proper discipline and security.
(2) The classification committee shall group all inmates into one (1) of four (4) separate and distinct classes with earned time to be earned as follows:
(a) Offenders in Class I shall be allowed to earn up to thirty (30) days reduction for each month served.
(b) Offenders in Class II shall be allowed to earn up to twenty (20) days reduction for each month served.
(c) Offenders in Class III shall be allowed to earn up to eight (8) days reduction for each month served.
(d) Offenders in Class IV shall not be allowed to earn any earned time.
******
Provided, further, an inmate shall be placed in Class IV when received at the correctional system and shall remain in such class for at least thirty (30) calendar days. Any subsequent promotion, whether original or after having been demoted, shall be made only to the next highest class in which the inmate must remain for a reasonable time to evaluate performance before being again promoted.
Offenders may be reclassified as often as the committee deems necessary to carry out the purposes of this section and to maintain good discipline and efficiency at the institution.
Although we have not been cited to statutory authority, the Mississippi Department of Corrections has established an administrative policy and decision whereby a convicted felon, who serves his sentence in a county jail, is allowed to earn “good time” in addition to credit for the time served in jail. On the contrary, a person convicted of a felony, such as Lacy, who appeals the judgment of conviction, remains in jail pending disposition of the appeal due to his inability to make bond, is not allowed to earn “good time” to be credited to his sentence. Apparently, the Department of Corrections takes the position that it is without authority to classify such prisoners and award “good time” until conviction is affirmed.
The case of Pruett v. Texas, 468 F.2d 51 (5th Cir.1972), is similar on the facts and law to the case sub judice. Pruett was convicted of a crime and sentenced to two (2) years confinement in the Texas Department of Corrections. He appealed his sentence to the Texas Court of Criminal Appeals, the highest court in Texas in criminal matters. He was unable to make bond and was required to remain in jail during the nineteen (19) months required to process his appeal. His conviction was affirmed.
Pruett filed a motion with Judge J.F. Clawson, Judge of the 169th District Court of Bell County, Texas, asking to be resen-tenced in accordance with Articles 42.03 and 42.09 of the Texas Code of Criminal Procedure, and seeking credit upon his sentence for the time spent in jail pending the appeal of his case, together with “good time” for good behavior while in jail. Judge Clawson concluded that to deny Pruett good time would be to deny him his constitutional rights to equal protection of the laws under the Fourteenth Amendment of the United States Constitution and would be contrary to the decision of the Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Accordingly, Judge Clawson resentenced Pruett, giving him credit for time spent in jail and allowing credit for “good time”.
The State of Texas, acting through the district attorney, filed a petition seeking a writ of prohibition with the Court of Criminal Appeals of Texas against Judge Claw- *66 son to enforce the mandate of the court. That Court held Judge Clawson was without authority to give Pruett credit for “good time” and that his order in that respect was void. It ordered Pruett arrested to serve the remaining portion of his sentence in the penitentiary.
Pruett filed an Application for Writ of Habeas Corpus with the United States District Court. The district judge, after considering the evidence and the law, handed down a decision upholding the original decision of Judge Clawson that Pruett was entitled to “good time” on his sentence. Upon appeal to the Fifth Circuit Court of Appeals, the Court said:
We hold that the decisions of Judge Clawson and Judge Suttle were correct, and that Pruett was entitled to good time for the time served in jail pending the appeal of his case, the same as if he had accepted his sentence and had gone to the penitentiary, and the same as any prisoner serving his time in jail for a misdemeanor conviction. The facts show that if Pruett had not appealed his case he could have been released after serving 14 months. By appealing, he served 22 months and is now denied good time by the state which insists he must now serve two more months in the penitentiary. Such a system is clearly discriminatory and in violation of Pruett’s rights under the equal protection clause of the 14th Amendment to the Constitution. [Footnote omitted]
The 14th Amendment to the Constitution provides:
* * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of * * * liberty, * * without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. [Emphasis supplied.]
In the case before us, we have two state statutes, Article 5118a and 6184Z, each of which standing alone does not appear to violate the above provision of the Constitution, but their enforcement together so as to deny a convicted felon good time while he is in jail pending the appeal of his case when at the same time allowing such good time to convicted felons who have not appealed, and allowing good time to prisoners serving misdemeanor sentences in jail, is clearly a denial of the equal protection of the laws which abridges the privileges of a citizen of the United States and deprives him (Pruett) of liberty without due process of law. The enforcement of such laws put a premium on not appealing sentences of conviction and constitutes a threat to a convicted person that if he appeals he will lose good time he might otherwise have. This cannot be countenanced. The right to appeal any conviction or the decision of any court is a sacred right that must remain free, open and unfettered and without fear, threats or penalty. The State of Texas would deny these rights in the present case by denying Pruett the good time he has earned by serving time in jail only because he has appealed his case. Such denial is clearly a penalty imposed upon him because he chose to exercise his constitutional right to appeal his conviction. This is readily apparent when it is considered that other convicted prisoners who do not appeal their convictions are given good time for jail confinement as credits on their sentences. The enforcement of such a statutory scheme cannot be said to afford “equal protection of the laws” to all persons equally situated.
* * * * * *
This court followed the decision in the Pearce case in Robinson v. Beto, 5 Cir. 1970, 426 F.2d 797. This court said in that case that “a defendant’s right of appeal must be free and unfettered.” Id. at 798. The decision was on the appeal by the State of Texas from an order of a federal district court granting a writ of habeas corpus holding that the state district judge was in error in not giving the defendant credit on his felony sentence for the time he spent in jail *67 pending the appeal of his case. In commenting on the Texas system, the court said:
* * * That statutory scheme tends to impede open and equal access to appellate review since it may deter a defendant from appealing because of a fear that the sentencing judge will not give him credit for the time he has spent in jail pending appeal. [Id. at 799.]
468 F.2d at 55, 56.
The State of Texas filed a petition for rehearing in the above case, which was considered by the Court en banc. Upon the rehearing, in Pruett v. State of Texas, 470 F.2d 1182 (5th Cir.1973), the Fifth Circuit affirmed the holding.
However, the Court held the following:
We proceed upon the premise that “we are neither required to apply, nor prohibited from applying, a decision retrospectively.” Linkletter v. Walker, 1965, 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601. In Stovall v. Denno, 1967, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, the criteria for making retrospective determinations were stated to be: “(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.”
# ⅝ ⅜ ⅜ ‡ sje
With respect to the second prong of the Stovall test there can be no doubt of Texas’ good faith reliance on the rule that good time was not to be credited to an indigent prisoner held in the county jail pending appeal. See State ex rel. Vance v. Clawson, 1971, Tex.Cr.App., 465 S.W.2d 164. The rule has been uniformly applied and until this case had never been contested.
Finally, Texas asserts, and we think correctly so, that the good time rule which we here require, if applied retrospectively, would release a torrent of applications for habeas corpus seeking a reeomputation of time served. It would be virtually impossible to make such re-computations because neither the county sheriffs nor the Texas Department of Corrections has kept records with respect to the behavior of convicted felons during the pendency of their appeals.
Under the circumstances, we conclude that our holding shall have prospective application only; that is to say, good time credit for the period from conviction to final conviction shall be computed and accrue as to all felony convictions which become final by affirmance of the Court of Criminal Appeals of the State of Texas after the date of this opinion.
As herein modified, we adhere to the opinion of the panel of this Court. The judgment of the district court is
Affirmed.
470 F.2d at 1184-85.
We do not distinguish the case sub judice from the two cases of Pruett v. Texas, supra, and we follow those cases. We hold that prisoners in the situation of Lacy be allowed “good time” as other prisoners, along with jail time. The judgment of the lower court is reversed and judgment is rendered here. However, as in Pruett, supra, good time credit shall be computed and accrued as to all felony convictions from and after the date of this opinion.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.