

# THE ATTORNEY GENERAL
## OF TEXAS

July 28, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Jim Lynaugh
Director
Texas Department of Corrections
P. O. Box 99
Huntsville, Texas    77340

Opinion No.   JM-759

Re:  Whether the Texas Department of Corrections granting of good time to prisoners for time incarcerated in a county jail violates section 3(c) of article 6181-1, V.T.C.S.

Dear Mr. Lynaugh:

You inform us that it is the practice of the Texas Department of Corrections (TDC) to award good conduct time to all newly received prisoners for time incarcerated in county jails.  Good conduct time, or "good time" earned by an inmate will lessen the time he must spend behind bars without reducing the length of his sentence.  See V.T.C.S. art. 6181-1, §§3, 4; Comment, Calculation of Time Credits for Texas Prisoners, 9 St. Mary's Law Journal 541 (1978).  For example, an inmate assigned by TDC to Class 1 will accrue 20 additional days for each 30 days actually served.  V.T.C.S. art. 6181-1, §3(a)(1).

Judicial decisions require that the time a prisoner spends in jail pending trial or appeal must be counted toward his full sentence time.  Pruett v. Texas, 468 F.2d 51, 56 (5th Cir. 1972), aff'd, 414 U.S. 802 (1973).  Jones v. Texas, 596 S.W.2d 134, 139 (Tex. Crim. App. 1980).  He is also entitled to consideration for good time credits for time spent in the county jail pending appeal to the Court of Criminal Appeals.  Pruett, supra; Gardner v. State, 542 S.W.2d 127 (Tex. Crim. App. 1976).

Article 42.03 of the Code of Criminal Procedure and article 6181-1, V.T.C.S., codify these judicial decisions.  Article 42.03 of the Code of Criminal Procedure states in part:

> Sec. 3.  If a defendant appeals his conviction, is not released on bail, and is retained in a local jail as provided in Section 5, Article 42.09, pending his appeal, the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time

that the defendant has spent in jail pending disposition of his appeal. . . .

Sec. 4. When a defendant who has been sentenced to imprisonment in the Department of Corrections has spent time in jail pending trial and sentence or pending appeal, the judge of the sentencing court shall direct the sheriff to attach to the commitment papers a statement assessing the defendant's conduct while in jail. On the basis of the statement, the Department of Corrections shall grant the defendant such credit for good behavior for the time spent in jail as he would have earned had he been in the custody of the department. (Emphasis added).

Code Crim. Proc. art. 42.03, §§3, 4. These provisions were enacted in 1973. Acts 1973, 63rd Leg., ch. 91, at 205.

Article 6181-1, V.T.C.S., which pertains to the accrual of good conduct time, states in part:

Sec. 3. (a) Inmates shall accrue good conduct time based upon their classification as follows:

(1) 20 days for each 30 days actually served while the inmate is classified as a Class 1 inmate;

. . . .

(c) A sheriff who has custody of a prisoner imprisoned in a county jail after conviction of an offense punishable by imprisonment in the department shall keep a record of the prisoner's behavior in jail. If the prisoner is transferred to the department, the director shall review the prisoner's jail record and may award good conduct time to the prisoner up to an amount equal to that which the prisoner could have accrued during such period if incarcerated in the department.

. . . .

(4) Good conduct time applies only to eligibility for parole or mandatory supervision as provided in Section 15, Article 42.12, Code of Criminal Procedure, 1965, as amended, and shall

> not otherwise affect the inmate's term.  (Emphasis
> added).

V.T.C.S. art. 6181-1, §§3, 4.  Subsection 3(c) of article 6181-1,
V.T.C.S., was enacted in 1983.  Acts 1983, 68th Leg., ch. 375, at
2045.

Your specific question about article 6181-1, V.T.C.S., is as
follows:

> Does the policy of TDC in uniformly granting
> incoming prisoners good conduct time for time
> spent incarcerated in county jails prior to
> arrival at TDC violate the provisions of article
> 6181-1, section 3(c)?

In your letter, you explain why TDC adopted this policy:

> Historically, TDC had concluded in the late 1970's
> that in order to deny any incoming prisoner good
> conduct time for the period of his county jail
> incarceration, the disciplinary process of the
> jail in question would have to comply with the due
> process requirements of Wolff v. McDonnel.  As TDC
> was not in a position to verify such compliance in
> each instance the Director was advised by his
> General Counsel to deny no incoming prisoner good
> conduct time for alleged misconduct while
> incarcerated in jail prior to arrival at  TDC.
> That practice has continued to date.

In Wolff v. McDonnel, 418 U.S. 539 (1974) the Supreme Court determined
that the requirements of procedural due process applied to the denial
of good time credits to state prison inmates.

A sheriff is required to keep a record of the conduct of a person
who is committed to the Department of Corrections but who serves some
of his sentence in the county jail.  Code Crim. Proc. art. 42.03;
V.T.C.S. art. 6181-1.  The record is sent to the Department of
Corrections when the prisoner is transferred there.  The sheriff has
no authority to award good time credits to persons committed to TDC
for felony convictions; that authority is vested in TDC.  V.T.C.S.
art. 6181-1; Gardner v. State, 542 S.W.2d 127 (Tex. Crim. App. 1976).
He is authorized to award good time credits to persons committed to
serve misdemeanor sentences in the county jail.  Gardner v. State,
supra; V.T.C.S. art. 5118a.  Good time of county prisoners may be
forfeited only in compliance with disciplinary procedures approved by
the Texas Commission on Jail Standards.  V.T.C.S. art. 5118a.  Rules
of the Texas Commission on Jail Standards require the sheriff to have
a written inmate discipline plan which includes provisions for notice;

a hearing, an opportunity for the inmate to be heard and to call witnesses, and a written statement by the factfinders as to the evidence relied on.  37 T.A.C. §283.1(1), (5).

However, the statutes do not state whether the sheriff's record of a TDC prisoner's conduct in jail may include only instances of misconduct established according to the procedures of the Inmate Discipline Plan.  Article 42.03 of the Code of Criminal Procedure provides for the sheriff's "statement assessing the defendant's conduct while in jail."  Code Crim. Proc. art. 42.03.  Article 6181-1, V.T.C.S., requires the sheriff to "keep a record of the prisoner's behavior in jail," without providing any safeguards against the inclusion of unreliable information in the record.  Moreover, since TDC admits persons who have served time in many different jails, it is possible that they have been subject to a variety of rules defining misconduct.

The director of the Department of Corrections "shall review the prisoner's jail record."  V.T.C.S. art. 6181-1, §3(c).  He is not bound by that record.  To the extent section 4 of article 42.03 of the Code of Criminal Procedure suggests that he is, we believe that provision is modified by the later enacted subsection 3(c) of article 6181-1, V.T.C.S., which gives the director discretion to award good conduct time "up to an amount equal to that which the prisoner could have accrued during such period of incarceration in the department."

The director's discretion must be exercised consistently with applicable constitutional provisions.  In Ex parte Williams, 589 S.W.2d 711 (Tex. Crim. App. 1979) (en banc), the Court of Criminal Appeals considered an attack, on equal protection grounds, on the TDC practice of denying an inmate all good time credit earned in jail if he had engaged in one instance of misconduct in the county jail.  Misconduct at TDC, in contrast, caused the denial of credit only for accrued good time.  The court stated that the exercise of discretion by the director of TDC

> must not be circumscribed by an inflexible rule which prescribes different and less favorable consideration for a Texas Department of Corrections inmate who has served part of his term in a county jail.  (Emphasis added).

Ex parte Williams, 589 S.W.2d 711 (Tex. Crim. App. 1979) (en banc).

In our opinion, the director's exercise of his permissive authority under section 3(c) of article 6181-1, V.T.C.S., in accordance with the policy you have described does not constitute an abuse of discretion.  In Pruett v. State, 468 F.2d 51 (5th Cir. 1972) the court presumed that the prisoner's conduct in the county jail was

good, where the sheriff had not kept any record of his conduct. Pruett v. State, 468 F.2d 51 (5th Cir. 1972), aff'd en banc, 470 F.2d 1182 (5th Cir), aff'd, 414 U.S. 802 (1973). We believe the director may adopt a similar presumption about a new prisoner's conduct in the county jail and may exercise his discretion in the award of good time credits to insure even-handed treatment of prisoners who have served part of their sentence in the county jail.

Good conduct time is furthermore not a vested right. V.T.C.S. art. 6181-1, §4. If an inmate commits an offense or violates a rule of the department during his actual term of imprisonment, "all or any part of his accrued good conduct time may be forfeited by the director." Id. An inmate will not necessarily keep the good conduct time based on his service in the county jail if he commits an offense or violates a rule of TDC while incarcerated there.

## S U M M A R Y

>    Section 3(c) of article 6181-1, V.T.C.S., is
>    not violated by the Department of Corrections
>    policy of awarding good conduct time to all newly
>    received prisoners for time incarcerated in county
>    jails.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General