**In re David Franklin BECK, Relator.**

**No. 05–00–01100–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 31, 2000.

John D. Nation, Dallas, for Relator.

Karen S. Nelson, Asst. Dist. Atty., William T. (Bill) Hill, Jr., Appellate Section, Dallas, for Real Party In Interest.

Before Chief Justice THOMAS, and Justices KINKEADE and WRIGHT.

## OPINION AND ORDER

Opinion By Justice KINKEADE.

Relator David Beck contends the trial judge erred in not considering him eligible for bond under article 44.04 of the code of criminal procedure while his conviction is on appeal. We conclude article 44.04, as applied in this case, impermissibly in-fringes on relator's due process and equal protection rights. Accordingly, we **GRANT** relator's petition for writ of mandamus.

Relator was convicted of sexual assault of a child. Sexual assault of a child is an offense enumerated in article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure (hereinafter, "3g offense"). *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(H) (Vernon Supp.2000). The jury found relator guilty and assessed punishment at ten year's imprisonment. The jury further recommended the sentence be suspended and relator be placed on community supervision. As required by article 42.12, section 4 of the code of criminal procedure, the trial judge entered judgment on the jury's recommendation to place relator on community supervision. Relator then filed a notice of appeal.

The trial court initially released relator from confinement on bond pending appeal. Relator was later incarcerated on an allegation that he violated the terms of his probation. The trial court properly concluded that relator cannot be prosecuted for violation of the terms of his probation while his appeal is pending. But, the trial court further concluded that because relator was convicted of a 3g offense, he was not eligible for release on appeal bond. Therefore, the trial court refused to release relator from confinement during the pendency of the appeal. Relator then filed an original proceeding with this Court.

Relator's first original proceeding, 05–00–00975–CV, was denied due to deficiencies, including the lack of a written order on the denial of eligibility to be considered for an appeal bond. The trial court had only made a docket sheet entry. Relator filed a new original proceeding, the one currently before the Court, correcting the deficiencies noted in 05–00–00975–CV, except the lack of a written order. Relator filed a notice that he was requesting the trial court to sign an order. This Court requested a response to the petition and released relator on bond pending determi-

nation of this original proceeding. A written order was signed by the trial court and filed with this Court on July 24, 2000.

We first address, for education of the bench and bar, the need for a written order and the delay caused by the lack of a written order. This Court repeatedly receives appeals and original proceedings wherein the order or judgment complained of is only memorialized in a docket sheet entry. Docket sheet entries, except for a few limited circumstances, are not a substitute for written orders and judgments. *See State v. Shaw,* 4 S.W.3d 875, 878 (Tex. App.-Dallas 1999, no pet.); *Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex.App.-Dallas 1986, no writ). We encourage the bench to enter signed written orders and judgments.

Article 44.04 of the Texas Code of Criminal Procedure provides that a defendant is eligible to be considered for release on bond pending appeal except for certain listed circumstances. *See* Tex.Code Crim. Proc. Ann. art. 44.04 (Vernon Pamph.2000). One such exception is a conviction for a 3g offense. The trial court in this case concluded that even though relator received community supervision, he was ineligible for an appeal bond because he had been convicted of a 3g offense.

Texas law grants relator a right to appeal his conviction. "Due process requires that a state, once it establishes avenues of appellate review, must keep those avenues free of unreasoned distinctions that impede open and equal access to the courts." *See Robinson v. Beto,* 426 F.2d 797, 798 (5th Cir.1970) (no credit for good time served while appeal pending violates due process); *see also Pruett v. Texas,* 468 F.2d 51, 55 (5th Cir.1972) (failure to give credit for good time acquired pending appeal violates equal protection), *aff'd. in part and modified in part,* 470 F.2d 1182 (5th Cir.) (en banc), *aff'd,* 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973); *Ex parte Canada,* 754 S.W.2d 660, 667 (Tex.Crim.App.1988) (failure to give credit for time served while parole revocation pending violates due process).

Although article 44.04(b) uses the term "conviction" when referring to 3g offenses, we must read the limitation in the context of the paragraph. The first phrase prohibits an individual whose punishment exceeds ten years *confinement* from obtaining appeal bonds. The paragraph then continues, "or where the defendant has been convicted of an offense listed under section 3(g)(a)(1), Article 42.12." Read in context, this means that if the conviction is for a 3g offense, the individual is not eligible for appeal bond regardless of the length of the term of confinement imposed. This reading is supported by the fact that the minimum punishment for most of the offenses enumerated in section 3g(a) is less than ten years. For example, sexual assault of a child is a second-degree felony, with a punishment range of two to twenty years confinement. *See* Tex. Pen.Code Ann. §§ 12.33, 22.011(f) (Vernon 1994 & Supp.2000). Thus, if relator's sentence had not been suspended, even if he had received the minimum two-year term of imprisonment, he would not have been eligible for an appeal bond.

However, when community supervision is ordered, the defendant's sentence is not imposed; it is suspended. Applying article 44.04(b) to prohibit appeal bonds in cases in which a defendant convicted of a 3g offense receives community supervision puts the defendant to the choice of: (1) not appealing so that he will not be imprisoned; or (2) appealing the conviction and remaining confined until final disposition of the appeal, which could take several years. This punitive policy may chill a defendant's decision to exercise his right to appeal. Penalizing those who choose to exercise their rights is an unconstitutional infringement on those rights. *See Canada,* 754 S.W.2d at 667.

We do not conclude the entire prohibition of appeal bonds to those convicted under section 3g is unconstitutional. If a

defendant is convicted and sentenced to imprisonment, he receives credit for time served while his appeal is pending, so he is not subject to any greater punishment for appealing his conviction, whereas a defendant who receives community supervision receives no credit against the probationary term for time confined pending appeal. We do, however, conclude that applying article 44.04(b) to prohibit an individual who receives community supervision for a 3g offense from obtaining an appeal bond is unconstitutional.

Thus, we conclude relator is entitled to relief by writ of mandamus from the trial court's action. *See Ex parte Byers,* 612 S.W.2d 534, 537 (Tex.Crim.App.1981) (remedy by mandamus permitted when trial court denied defendant bail pending appeal on ground he was not eligible).

Accordingly, we **CONDITIONALLY GRANT** the writ and order the trial court to consider the merits of Beck's application for bond pending appeal.