# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00309-CR

**Siavash Sayyadi, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 99CR-949, HONORABLE BRENDA R. FREEMAN, JUDGE PRESIDING

A jury found appellant Siavash Sayyadi guilty of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2000). The court assessed punishment at incarceration for ninety days and a $900 fine, but suspended imposition of sentence and placed appellant on community supervision. In his sole point of error, appellant contends the court violated the Equal Protection Clause of the United States Constitution by excluding a prospective juror because he could not speak English. *See* U.S. Const. Amend. XIV. We will overrule this contention and affirm.

The ability to read and write is a statutory requirement for service on a trial jury. Tex. Gov't Code Ann. § 62.102(5) (West 1998). While the inability to read or write is not an absolute disqualification, it is a ground for challenge by either party. Tex. Code Crim. Proc. Ann. arts. 35.16(a)(11); 35.19 (West 1989). The statutes do not expressly require *English*

literacy, but case law has long implied this requirement. *See Lyles v. State*, 41 Tex. 172, 176-77 (1874); *Montoya v. State*, 810 S.W.2d 160, 169-70 (Tex. Crim. App. 1989); *Hodge v. State*, 896 S.W.2d 340, 342-43 (Tex. App.—Amarillo 1995, pet. ref'd). Appellant argues that it is a violation of equal protection principles to disqualify persons who do not speak English from jury service.[1]

Jury selection began in this case with the court welcoming the panelists and examining them regarding the "mandatory qualifications for jury service." Among other things, the court asked if "everyone is able to read and write the English language."[2] The court added, "I've already got one indication of difficulty with English," an apparent reference to venire member Manrique Delagarza, who later spoke individually with the court. Delagarza explained that he had been born in Texas but raised in Mexico. He told the court, "I —I have English problems. I'm —I be here before for touring to learn English, but it still —somebody talk fast, I'm lost." Asked by the court if he had difficulty "reading, writing, and hearing in English," he answered, "I can read. I can write —not so good —but I can read. I can write. But somebody talking fast, I'm lost. I'm lost right there. I got only six months' school. That's all I got." The court excused Delagarza from jury service, for which he expressed his thanks. Counsel for appellant objected that "excluding somebody due to lack of English-speaking abilities violates the Equal Protection clauses of both the Texas and the United States Constitutions."

---

[1] Appellant contends he has standing to assert the excluded venire member's equal protection rights under the rationale of *Powers v. Ohio*, 499 U.S. 400, 410-15 (1991). Because the State does not challenge appellant's standing to assert the venire member's alleged equal protection right, we will accept it for this opinion without deciding the issue.

[2] Appellant voiced no objection to this question.

2

It is important to distinguish between *excusing* a qualified venire member from service on the jury and *excluding* an unqualified venire member from service. Under code of criminal procedure article 35.03,[3]

> the trial judge has the discretion, upon a reason sufficient to satisfy the court, to excuse *an otherwise qualified* venireperson from jury service. This is in contrast to a situation where a judge *must* excuse a venireperson who, for instance, suffers from a disability sufficient to absolutely disqualify. . . . Article 35.16,[[4]] on the other hand, provides a framework under which *unqualified* potential jurors may be discovered by the parties and excised from the panel without need to resort to the exercise of a peremptory strike. An excusal of an *unqualified* venireperson pursuant to Article 35.16 is qualitatively different than one in which a *qualified* venireperson requests, on the basis of a personal reason, an excuse from jury service, *viz*: the bases for a cause challenge enumerated in Article 35.16 are, as a *matter of law*, the only ones which a party may request that a judge rule upon to disqualify a juror, while the judge may, in accordance with Article 35.03, consider any other excusal factor with or without the prompting of counsel.

*Butler v. State*, 830 S.W.2d 125, 130 (Tex. Crim. App. 1992) (emphases in original).

The record reflects that the trial court considered the ability to read and write English to be an absolute qualification for jury service, and Delagarza was excused from service while the court was considering the qualifications of the various panelists. However, the record also reflects that Delagarza asked to be excused from jury service, apparently making his request known before voir dire formally began, citing his lack of English comprehension. A court may grant an excuse from jury service pursuant to article 35.03 at any time during the jury selection process. *Id.* at 131. Even if we were to agree with appellant that it is a violation of the Equal

---

[3] Tex. Code Crim. Proc. Ann. art. 35.03 (West 1989).

[4] Tex. Code Crim. Proc. Ann. art. 35.16 (West 1989 & Supp. 2001).

Protection Clause to *disqualify* a potential juror who is not literate in English, a court retains the discretion under article 35.03 to grant a venire member's request to be *excused* from jury service because of limited English skills.

We should not reach a constitutional issue if a narrower basis for decision applies. *See Briggs v. State*, 740 S.W.2d 803, 806-07 (Tex. Crim. App. 1987); *Smith v. State*, 899 S.W.2d 31, 34 (Tex. App.—Austin 1995, pet. ref'd). Because we conclude that the trial court did not abuse its discretion by granting the venire member's request to be excused from jury service, we overrule appellant's point of error without expressing any opinion whether the inability to speak or understand English may constitutionally disqualify a person from jury service.

The judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed:   March 8, 2001

Publish

4