# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00067-CR

**Hurbert Harper, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 99-949-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

A jury found appellant Hurbert Harper guilty of sexual assault and assessed punishment at imprisonment for ten years and a $10,000 fine. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2001). As recommended by the jury, the district court suspended imposition of sentence and placed Harper on community supervision.

After perfecting appeal, Harper's retained trial counsel was permitted to withdraw by the district court and Harper elected to represent himself on appeal. Harper did not request a reporter's record and was ordered by this Court to tender an appellate brief. In response, an attorney stating that he represented Harper on a pro bono basis filed a motion asserting that Harper is indigent and asking for a free appellate record. This Court abated the appeal for an indigency hearing, after which the district court concluded that Harper is not indigent. The reporter's record from this hearing was filed in the appellate record.

Harper's counsel then filed in this Court a "petition for rule 31 appeal in bail proceeding" complaining that Harper was denied due process when his bail pending appeal was revoked under the terms of code of criminal procedure article 44.04(b). Tex. Code Crim. Proc. Ann. art. 44.04(b) (West Supp. 2001). This Court dismissed the petition and ordered counsel to tender a brief "in which he may raise the court's finding that appellant is not indigent, the revocation of appellant's bail pending appeal, and any other matter determinable without the full reporter's record." Counsel responded by filing an "amended petition for rule 31 appeal in bail proceeding" substantially identical to the petition previously dismissed. In the amended petition, Harper expressly declined to challenge the district court's conclusion that he is not indigent.

Article 44.04(b) provides that a defendant convicted of an offense listed under code of criminal procedure article 42.12, section 3g(a)(1) may not be released on bail pending appeal. *Id*.; *see* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1) (West Supp. 2001). Sexual assault is one of the listed offenses. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(H) (West Supp. 2001). Harper argues that under article 44.04(b), a defendant convicted of a section 3g offense who receives community supervision is unconstitutionally penalized for exercising his right to appeal by being forced to remain in custody pending the appeal. He relies on the reasoning of the Fifth Court of Appeals in *In re Beck*, 26 S.W.3d 553, 555-56 (Tex. App.—Dallas 2000, orig. proceeding), *overruled sub nom. Hill v. Court of Appeals*, 34 S.W.3d 924, 928-29 (Tex. Crim. App. 2001). In accordance with the opinion of the court of criminal appeals, the court of appeals withdrew its previous opinion and order and denied relief. *In re Beck*, No. 05-00-01100-CV, 2001 Tex. App. LEXIS 145 (Tex. App.—Dallas Jan. 10, 2001, orig. proceeding) (not designated for publication).

2

We should not reach a constitutional issue if a narrower basis for decision applies. *Sayyadi v. State*, 40 S.W.3d 722, 724 (Tex. App.—Austin 2001, no pet.). Harper brings forward no claim of error challenging the district court's judgment of conviction. The clerk's record contains no fundamental error requiring this Court to reverse that conviction. The judgment is therefore affirmed. The question of bail pending appeal is rendered moot, and the "amended petition for rule 31 appeal in bail proceeding" is dismissed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: October 18, 2001

Do Not Publish