**In re John Mark DUNCAN, Relator.**

**No. 01–01–00997–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 5, 2001.

Christopher Flood, Flood & Flood, Houston, for relator.

Michele L. Satterelli, Charles A. Rosenthal, Jr., Houston, for real party in interest.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

PER CURIAM.

The relator, John Mark Duncan, filed in this Court a petition for writ of mandamus, complaining that respondent[1] issued an alias capias arrest warrant without valid

---

1. Respondent is the Honorable Brian Rains, judge of the 176th District Court, Harris County, Texas. The underlying case is *The* *State of Texas v. John Mark Duncan,* cause number 821433 in the district court.

reason. Relator was convicted by a jury of aggravated sexual assault. In accordance with the jury's punishment recommendation, respondent sentenced relator to five years confinement, and placed him on community supervision for 10 years. Confinement was not ordered as a condition of community supervision. Relator filed a timely notice of appeal and motion for new trial. Respondent set bond pending appeal at $10,000. Three days later, respondent issued an alias capias for relator's arrest because relator was ineligible for an appeal bond. *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 3g(a)(1)(E) (Vernon Supp.2002), art. 44.04(b) (Vernon Pamph. 2002). The petition for writ of mandamus followed.

On October 30, 2001, we granted temporary relief, stayed the order of the trial court, and ordered that relator be released on $10,000 bond pending further ruling on relator's petition. We further requested a reply from respondent.

Respondent's reply was filed on November 7, 2001. Respondent argues that mandamus is not a proper remedy because he had no ministerial duty to disregard the plain language of article 44.04(b) of the Code of Criminal Procedure, or to hold that statute unconstitutional.[2] Respondent further argues that the mandamus is moot. The reply includes an order issued by respondent on November 5, 2001, withdrawing his order issuing the alias capias arrest warrant and commitment order in cause number 821433, and ordering relator released on $10,000 bond.

Accordingly, we do not reach the merits of the issues raised. The petition for writ of mandamus is **dismissed as moot.**

Justice COHEN concurring in a separate opinion.

---

2. *See State ex rel. Hill v. Court of Appeals for the Fifth District,* 34 S.W.3d 924, 927–29 (Tex. Crim.App.2001).

---

MURRY B. COHEN, Justice, concurring.

Article 44.04(b) of the Texas Code of Criminal Procedure is unconstitutional for the reasons stated in *In re Beck,* 26 S.W.3d 553 (Tex.App.—Dallas 2000, orig. proceeding). The Court of Criminal Appeals held that mandamus was not the proper remedy in *Beck,* but it did not question the merits of the Dallas court's conclusion that the statute was unconstitutional. *See State ex. rel. Hill v. Court of Appeals for the Fifth District,* 34 S.W.3d 924, 928 (Tex.Crim.App.2001).

How could it? A statute that requires an appellant to stay in jail longer because he has appealed violates the United States Constitution. *Pruett v. Texas,* 468 F.2d 51, 55 (5th Cir.1972) (failure to give credit for good time acquired pending appeal violates equal protection), *aff'd in part and modified in part,* 470 F.2d 1182 (5th Cir.) (en banc), *aff'd,* 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973); *see also Robinson v. Beto,* 426 F.2d 797, 798 (5th Cir.1970); *Ex parte Canada,* 754 S.W.2d 660, 667 (Tex. Crim.App.1988) (failure to give credit for time served while parole revocation pending violates due process). Article 44.04(b) is worse than those statutes in *Pruett, Robinson,* and *Canada.* It requires an appellant who is free on probation to go to jail just because he appealed.

The trial judge, Hon. Brian Rains, has made this case moot by setting bail pending appeal, despite the plain prohibition of bail contained in article 44.04(b). That ruling implies that article 44.04(b) is unconstitutional. Otherwise, I presume Judge Rains would have followed it and persisted in his order of no bail.

I commend Judge Rains for setting bail. Trial judges, like appellate judges, are bound to decide whether statutes are constitutional and, if they are not, to act accordingly.