NO. 07-06-0341-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 22, 2007


______________________________



GWENDOLYN PEVEHOUSE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;



NO. B3040-0510; HON. ED SELF, PRESIDING


_______________________________


 

Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 The probation of Gwendolyn Pevehouse was revoked, and she was sentenced to
serve two years in the state jail for theft. Although she pled true to the allegations that she
had violated the terms and conditions of her probation, she contends on appeal that the
trial court should have sua sponte conducted a hearing to determine her competency at
the time of the revocation hearing. We affirm the judgment. 

 A person is incompetent to stand trial if she does not have sufficient present ability
to consult with her lawyer with a reasonable degree of rational understanding or a rational
as well as factual understanding of the proceedings against her. Tex. Code Crim. Proc.
Ann. art. 46B.003 (Vernon 2006). If evidence suggesting the defendant may be
incompetent comes to the attention of the trial court, it must determine, sua sponte, by
informal inquiry whether there is some evidence from any source that would support a
finding that the defendant may be incompetent to stand trial. Id. art. 46B.004(c). A
competency hearing is not required, however, unless the evidence is sufficient to create
a bona fide doubt in the mind of the judge whether the defendant is legally competent. 
Moore v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). And, we review that trial
court's decision not to conduct such a hearing under the standard of abused discretion. 
Id. 

 At the time that appellant pled true to the revocation allegations, she revealed in
response to questioning from the trial court that she had suffered a nervous breakdown
three or four months earlier and had been placed on medication. So too did she disclose
that while the medication originally taken several months earlier purportedly left her
"messed up in the head," that currently ingested did not interfere with her ability to
understand the nature and consequences of the proceedings. Appellant also stated that
she was able to understand what her attorney had explained to her, answer his questions,
and ask questions of her own. The numerous answers she gave from the witness stand
to both the questions propounded by her counsel and the trial court during the evidentiary
hearing were also lucid and responsive to the questions asked. Appellant's counsel also
represented that he believed her competent.

 Prior hospitalizations and treatment or evidence of mental impairment alone does
not raise a bona fide question regarding one's competency to stand trial. Moore v. State,
999 S.W.2d at 395. There must generally be evidence of recent severe mental illness,
bizarre acts, or moderate retardation. Id. This is especially true when the defendant is
taking medication to control her mental condition as appellant was here. Scott v. State,
No. 07-01-0484-CR, 2002 Tex. App. Lexis 4868 at *4 (Tex. App.-Amarillo July 3, 2002,
pet. ref'd ) (not designated for publication). Further, nothing in the record indicates
appellant's current medication affected her ability to comprehend the proceeding in which
she was involved, communicate with counsel, or assist in her defense. Thus, we conclude
that the trial court did not abuse its discretion in foregoing any further inquiry into her
competency to stand trial and overrule the issue. 

 The judgment of the trial court is affirmed.


 Per Curiam


Do not publish.



false" QFormat="true" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0224-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                               AUGUST
5, 2010

                                            ______________________________

 

                                                In re: KENNETH HICKMAN-BEY,

 

                                                                                                            Relator

                                           _______________________________

 

                                   On
Original Proceeding for Writ of Mandamus

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

            Pending before the
court is the application of Kenneth Hickman-Bey, for a writ of mandamus.  He asks us to order the Honorable Ron Enns,
69th District Court, to schedule a hearing and act upon various motions pending
in a suit he initiated.  The motions
include Plaintiffs Motion for Partial Summary Judgment, and Plaintiffs
Motion for Change of Venue.  We dismiss
the petition as moot.

            On June 22, 2010, we directed Judge
Enns to respond to relators petition for mandamus.  On July 14, 2010, Judge Enns filed his
response wherein he granted relators motion for teleconferencing regarding his
unresolved pleadings.  A copy of the
document evincing the action is attached to this opinion as Exhibit A.       

            Accordingly, we do not reach the
merits of the issues raised, and the petition for writ of mandamus is dismissed
as moot.  See In re Duncan, 62 S.W.3d 333, 334 (Tex. App.Houston [1st Dist.]
2001, orig. proceeding).   This dismissal
is without prejudice to the relators right to seek a writ of mandamus should
unreasonable delay arise in the scheduling of the teleconference and ruling
upon the aforesaid motions and pleadings. 

 

                                                                                    Per
Curiam