# NO. 12-09-00386-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                      |   |                          |
|----------------------|---|--------------------------|
|                      | § |                          |
| *IN RE:*             |   |                          |
|                      | § | *ORIGINAL PROCEEDING*    |
| *DANIEL K. JOHNSON*  |   |                          |
|                      | § |                          |

## *MEMORANDUM OPINION*

In this original proceeding, Daniel K. Johnson, appearing pro se, seeks a writ of mandamus directing the trial court to vacate its order denying Johnson's indigency status. He also requests that the writ direct the trial court to vacate its order denying Johnson's request for the issuance of bench warrants or, alternatively, to vacate its order denying Johnson's motion to waive the attendance requirement set out in section 162.505 of the Texas Family Code. The respondent is the Honorable Mark A. Calhoon, Judge of the 3rd Judicial District Court, Houston County, Texas.

Texas Rule of Appellate Procedure 52.3(k)(1)(A) requires that a petition for writ of mandamus be accompanied by an appendix that contains, among other items, a certified or sworn copy of the order complained of. In this proceeding, Johnson has furnished a copy of a docket sheet containing the following notation: "Considered Petitioner's request for issuance of bench warrants for adoption hearing; denied motion for bench warrants; considered Petitioner's motion to waive attendance requirement pursuant to Family Code 162.505; no good cause found, request denied; denied indigency status."

It is well established that except under limited circumstances not applicable here, a docket sheet entry is not a substitute for a written order. *E.g.*, **In re Beck**, 26 S.W.3d 553, 555 (Tex. App.–Dallas 2003, orig. proceeding); *see* **Bailey–Mason v. Mason**, 122 S.W.3d 894, 897 (Tex. App.–Dallas 2003, pet. denied) (for docket sheet to constitute a judgment, record must

indicate that trial court called docket notation to parties' attention in open court or filed docket sheet with clerk as judgment).  Because Johnson has not furnished a copy of the written orders as required by the rules of appellate procedure, he  cannot show that he is entitled to mandamus relief.  *See **In re Supportkids, Inc.**, No. 05-04-01250-CV, 2004 WL 2050801, at \*1 (Tex. App.–Dallas 2004, orig. proceeding [mandamus dismissed]).  Accordingly, Johnson's petition for writ of mandamus is **denied**.

**BRIAN T. HOYLE**
Justice

Opinion delivered November 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)