No









NO. 12-09-00386-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

                                                                        §

IN RE:            

                                                                        §                      ORIGINAL
PROCEEDING

DANIEL K. JOHNSON

                                                                        §                      







MEMORANDUM
OPINION

            In
this original proceeding, Daniel K. Johnson, appearing pro se, seeks a writ of
mandamus directing the trial court to vacate its order denying Johnson’s
indigency status. He also requests that the writ direct the trial court to
vacate its order denying Johnson’s request for the issuance of bench warrants
or, alternatively, to vacate its order denying Johnson’s motion to waive the
attendance requirement set out in section 162.505 of the Texas Family Code.  The
respondent is the Honorable Mark A. Calhoon, Judge of the 3rd Judicial District
Court, Houston County, Texas.

            Texas
Rule of Appellate Procedure 52.3(k)(1)(A) requires that a petition for writ of
mandamus be accompanied by an appendix that contains, among other items, a
certified or sworn copy of the order complained of.  In this proceeding, Johnson
has furnished a copy of a docket sheet containing the following notation: “Considered
Petitioner’s request for issuance of bench warrants for adoption hearing;
denied motion for bench warrants; considered Petitioner’s motion to waive
attendance requirement pursuant to Family Code 162.505; no good cause found,
request denied; denied indigency status.”  

It
is well established that except under limited circumstances not applicable
here, a docket sheet entry is not a substitute for a written order.  E.g.,
In re Beck, 26 S.W.3d 553, 555 (Tex. App.–Dallas 2003, orig.
proceeding); see Bailey–Mason v. Mason, 122 S.W.3d 894, 897 (Tex. App.–Dallas 2003, pet. denied) (for docket sheet to constitute a judgment, record must
indicate that trial court called docket notation to parties’ attention in open
court or filed docket sheet with clerk as judgment).  Because Johnson has not
furnished a copy of the written orders as required by the rules of appellate
procedure, he  cannot show that he is entitled to mandamus relief.  See In
re Supportkids, Inc., No. 05-04-01250-CV, 2004 WL 2050801, at *1 (Tex. App.–Dallas 2004, orig. proceeding [mandamus dismissed]).  Accordingly, Johnson’s
petition for writ of mandamus is denied.

 

                                                                                                 Brian T. Hoyle

                                                                                         
                    Justice

 

 

 

 

Opinion delivered November 25,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)