# NO. 12-10-00152-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | **APPEAL FROM THE 3RD** |
| *IN RE: CLIFFORD FAIRFAX* | § | **DISTRICT COURT OF** |
| | § | **ANDERSON COUNTY, TEXAS** |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant, Clifford Fairfax, attempts to appeal the trial court's denial of his petition for writ of mandamus. On May 21, 2010, this court notified Appellant that the information received in this appeal does not include a final judgment or other appealable order. Therefore, the record does not show that this court has jurisdiction of the appeal. Appellant was further notified that his appeal would be dismissed if the information received in the appeal was not amended on or before June 21, 2010 to show the jurisdiction of this court.

In response to this court's May 21, 2010 notice, Appellant provided a photocopy of the trial court's docket sheet, which contains a notation that Appellant's mandamus petition was denied. Generally, a docket sheet entry is not a substitute for a written order. *In re Beck*, 26 S.W.3d 553, 555 (Tex. App.–Dallas 2003, orig. proceeding). But this rule does not apply when the record indicates that the trial court called the docket notation to the parties' attention in open court or filed the docket sheet with the clerk as its judgment. S*ee Bailey-Mason v. Mason*, 122 S.W.3d 894, 897 (Tex. App.–Dallas 2003, pet. denied). In this case, Appellant's mandamus petition was denied without a hearing, and the clerk's record does not show that the trial court filed its docket sheet as its judgment. Therefore, the trial court's docket sheet cannot substitute for a final judgment or other appealable order. Accordingly, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 37.2, 42.3.

Opinion delivered June 9, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)