NO









NO. 12-10-00152-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             '     APPEAL
FROM THE 3RD

IN RE: CLIFFORD FAIRFAX

                                                                             '     DISTRICT
COURT OF

 

                                                                             '     ANDERSON
COUNTY, TEXAS

 





MEMORANDUM
OPINION

PER
CURIAM

            Appellant,
Clifford Fairfax, attempts to appeal the trial court’s denial of his petition
for writ of mandamus.  On May 21, 2010, this court notified Appellant that the
information received in this appeal does not include a final judgment or other
appealable order.  Therefore, the record does not show that this court has
jurisdiction of the appeal.  Appellant was further notified that his appeal
would be dismissed if the information received in the appeal was not amended on
or before June 21, 2010 to show the jurisdiction of this court.  

In
response to this court’s May 21, 2010 notice, Appellant provided a photocopy of
the trial court’s docket sheet, which contains a notation that Appellant’s
mandamus petition was denied.  Generally, a docket sheet entry is not a
substitute for a written order.  In re Beck, 26 S.W.3d 553, 555
(Tex. App.–Dallas 2003, orig. proceeding).  But this rule does not apply when
the record indicates that the trial court called the docket notation to the
parties’ attention in open court or filed the docket sheet with the clerk as
its judgment.  See Bailey-Mason v. Mason, 122 S.W.3d 894, 897
(Tex. App.–Dallas 2003, pet. denied).  In this case, Appellant’s mandamus
petition was denied without a hearing, and the clerk’s record does not show
that the trial court filed its docket sheet as its judgment.  Therefore, the
trial court’s docket sheet cannot substitute for a final judgment or other
appealable order.  Accordingly, the appeal is dismissed for want of
jurisdiction.  See Tex.
R. App. P. 37.2, 42.3.

Opinion delivered June 9, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(PUBLISH)