NO. 07-10-0224-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                               AUGUST
5, 2010

                                            ______________________________

 

                                                In re: KENNETH HICKMAN-BEY,

 

                                                                                                            Relator

                                           _______________________________

 

                                   On
Original Proceeding for Writ of Mandamus

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

            Pending before the
court is the application of Kenneth Hickman-Bey, for a writ of mandamus.  He asks us to order the Honorable Ron Enns,
69th District Court, to schedule a hearing and act upon various motions pending
in a suit he initiated.  The motions
include “Plaintiff’s Motion for Partial Summary Judgment,” and “Plaintiff’s
Motion for Change of Venue.”  We dismiss
the petition as moot.

            On June 22, 2010, we directed Judge
Enns to respond to relator’s petition for mandamus.  On July 14, 2010, Judge Enns filed his
response wherein he granted relator’s motion for teleconferencing regarding his
“unresolved pleadings.”  A copy of the
document evincing the action is attached to this opinion as Exhibit A.       

            Accordingly, we do not reach the
merits of the issues raised, and the petition for writ of mandamus is dismissed
as moot.  See In re Duncan, 62 S.W.3d 333, 334 (Tex. App.–Houston [1st Dist.]
2001, orig. proceeding).   This dismissal
is without prejudice to the relator’s right to seek a writ of mandamus should
unreasonable delay arise in the scheduling of the teleconference and ruling
upon the aforesaid motions and pleadings. 

 

                                                                                    Per
Curiam




 

 



 

 



 

 

 






soNormal align=center style='text-align:center;mso-pagination:widow-orphan;
mso-layout-grid-align:auto;text-autospace:ideograph-numeric ideograph-other'> 

            When Appellant filed suit in Lubbock
County, he also filed an Affidavit of
Inability to Pay Costs.  This
document implicates chapter 13 of the Texas Civil Practice and Remedies Code
which permits dismissal of a case if the action is frivolous or malicious.  Tex. Civ. Prac.
& Rem. Code Ann. § 13.001(a)(2) (West 2002).[3]  An action may be frivolous or malicious if
the action's realistic chance of ultimate success is slight, the claim has no
arguable basis in law or fact, or the party cannot prove a set of facts in
support of the claim.  Id.  at § 13.001(b).

            A
dismissal under § 13.001(a)(2)
is reviewed for abuse of discretion.  Jones v. CGU Ins. Co., 78
S.W.3d 626, 628 (Tex.App.--Austin 2002, no pet.).  Additionally, in matters involving custody,
control, or possession of minor children, we give wide latitude to a trial
court's decision.  See Gillespie v. Gillespie, 644 S.W.2d 449, 451
(Tex. 1982).  In such circumstances, a
trial court abuses its discretion when it acts arbitrarily or unreasonably,
without reference to any guiding rules or principles.  Worford v. Stamper,
801 S.W.2d  108,
109 (Tex. 1990).  

Here, the trial court's dismissal
order recites that Appellant made allegations in his petition that were
false.  According to that order, the
trial court found Appellant knew or should have known both Wilson's and
Washington's current addresses. 
Furthermore, it appears Appellant misrepresented his relationship to the
child and the child's residence.  Accordingly,
we note Appellant faced a substantial obstacle in establishing his standing to
bring a suit for custody of N.W.  See Tex. Fam. Code Ann. § 102.003(a)
(West 2008).    

Furthermore, this case involves a
nonparent, Appellant, seeking custody over a parent, Wilson.  Appellant acknowledges in his brief the
presumption that a parent be appointed sole managing conservator unless doing
so would significantly impair the child's physical or emotional
development.  See Tex. Fam. Code Ann. § 153.131 (West 2008).  The presumption that the best interest of a
child is served by appointing a natural parent over a nonparent as managing
conservator is deeply embedded in Texas law. 
Lewelling v. Lewelling,
796 S.W.2d 164, 166 (Tex. 1990). 
"Close calls" in which a nonparent and parent are seeking
conservatorship "go to the parent." 
In re B.B.M.,
291 S.W.3d 463, 469 (Tex.App.--Dallas 2009, pet. denied).  Despite Appellant's allegations of Wilson's
unfit conduct as a mother, the record reflects that the Texas Department of
Protective and Regulatory Services investigated Wilson and found that the
Department's services were unnecessary.  

Given Appellant's false allegations
and misrepresentations to the trial court, together with his slight chance of
success as a nonparent in a custody dispute against a parent, we conclude the
trial court did not abuse its discretion in finding Appellant's claim to be
frivolous or malicious.  Accordingly, the
trial court did not err in dismissing Appellant's action pursuant to § 13.001(a)(2).  Appellant's contentions are overruled.

 




 

Conclusion

We, therefore, affirm the trial
court's order rescinding its previous temporary order.  Because a dismissal pursuant to § 13.001(a) is without prejudice, Mullins v. Estelle High Security Unit,
111 S.W.3d 268, 273-74 (Tex.App.--Texarkana 2003, no pet.), we reform the order
of dismissal so as to delete the reference to dismissal "with
prejudice" and affirm that order as reformed.   

 

 

                                                                                      Patrick A. Pirtle

                                                                                            Justice

 











[1]Due
to the procedural posture of this case, the limited facts presented here were
gleaned from the pleadings of the parties and the Clerk's Record.

 





[2]Although
not named as a Respondent in Appellant's original petition, Washington was
served by publication and named as a Respondent in the Temporary Order in Suit Affecting the Parent-Child Relationship
entered by the trial court on April 12, 2010.  






[3]For
convenience, future references to sections of the Texas Civil Practices and
Remedies Code will subsequently be cited as A§ ___.@