

# NUMBER 13-13-00218-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MARK A. ESTRADA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Mark A. Estrada, proceeding pro se, filed a petition for writ of mandamus on April 24, 2013, through which he seeks to compel the trial court to conduct a hearing and rule on relator's motions for post-conviction DNA testing and appointment of counsel pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

CODE CRIM. PROC. ANN. arts. 64.01, 64.03 (West Supp. 2012).[2] As explained herein, we dismiss the petition for writ of mandamus as moot.

## I. BACKGROUND

Relator was convicted of murder. *See Estrada v. State*, No. 13-09-00493-CR, 2011 Tex. App. LEXIS 6059, at *1 (Tex. App.—Corpus Christi Aug. 4, 2011, pet. ref'd) (mem. op. not designated for publication); *see also* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2003). He was sentenced to life imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See Estrada*, 2011 Tex. App. LEXIS 6059, at *1. On direct appeal, this Court affirmed the conviction and the Texas Court of Criminal Appeals refused discretionary review. *See Estrada*, 2011 Tex. App. LEXIS 6059, at *1.

## III. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator

---

[2] Relator raised the same claims that are at issue in this original proceeding in a previous petition for writ of mandamus. *See In re Estrada*, No. 13-13-00064-CR, 2013 Tex. App. LEXIS 1060, at **1–5 (Tex. App.—Corpus Christi Feb. 5, 2013, orig. proceeding) (per curiam mem. op., not designated for publication). The Court denied that petition on grounds it was defective. *See id.*

must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3.  In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief.  *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## IV. ANALYSIS

Consideration of a motion that is properly filed and before the court is a ministerial act.  *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  A relator must establish the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so.  *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Although a trial judge has a reasonable time to perform the ministerial duty, that duty generally does not arise until the movant has brought the motion to the trial judge's attention.  *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Since relator filed his petition for writ of mandamus, the respondent has issued orders denying relator's motions for DNA testing and for appointment of counsel. Accordingly, the Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that this original proceeding has been rendered moot.  *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an

3

existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right").

## V. CONCLUSION

Because relator has received the relief that he requested, we dismiss the petition for writ of mandamus as moot. *See In re Luna*, 317 S.W.3d 484, 484 (Tex. App.—Amarillo 2010, orig. proceeding) (dismissing petition for writ of mandamus when trial court had ruled on pending motion); *In re Duncan*, 62 S.W.3d 333, 334 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (same).

PER CURIAM

Do not publish.  TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of April, 2013.

4