

# Fourth Court of Appeals
## San Antonio, Texas

December 1, 2014

No. 04-14-00809-CR

Ex Parte George **GARCIA**,
Appellant

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2000CR5603W
The Honorable Andrew Wyatt Carruthers, Judge Presiding

## O R D E R

In this accelerated appeal, Jorge A. Garcia appeals the trial court's denial of his request for habeas corpus relief. Appellant filed a post-conviction application for writ of habeas corpus; the trial court issued the writ, conducted a hearing on the merits, and orally denied relief. A docket sheet entry memorializes the trial court's oral pronouncement, but the record does not contain a signed, written order denying relief.

A docket sheet entry is insufficient to invoke this court's jurisdiction. *Shaw v. State*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) ("A docket sheet entry cannot stand as an order."); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.) ("No written order was signed and entered. The trial court made an oral pronouncement and a docket entry. These actions do not comprise an appealable 'written order.'"); *see also In re Beck*, 26 S.W.3d 553, 555 (Tex. App.—Dallas 2000) ("We encourage the bench to enter signed written orders and judgments."), *overruled on other grounds sub nom. State ex rel. Hill v. Court of Appeals for the Fifth Circuit*, 34 S.W.3d 924 (Tex. Crim. App. 2001).

Further, this court must dismiss the appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Thus, we ABATE this appeal and REMAND the cause to the trial court for Appellant to

- secure a signed, written order from the trial court;

- obtain a trial court certification of Appellant's right to appeal; and

- direct the trial court clerk to file a supplemental record containing the order and certification, *see* TEX. R. APP. P. 34.5(c)(1).

If a supplemental clerk's record containing (1) a signed, written order and (2) a certification of Appellant's right to appeal is not filed within TWENTY DAYS of the date of this order, this appeal will be dismissed for want of jurisdiction. *See id.* R. 25.2(d), 43.2(f); *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (reiterating that the right to appeal under article 44.02 is limited to appeal from a final judgment).

All other appellate deadlines are SUSPENDED pending further order of this court.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of December, 2014.

Keith E. Hottle
Clerk of Court