

IN THE
TENTH COURT OF APPEALS

No. 10-14-00376-CV

IN RE KAREN G. BAUNCHAND

Original Proceeding

## ORDER

On May 6, 2015, relator filed "Relator's Emergency Motion to Quash Hearing Setting and Proposed Order." Later on the same day, one of the real-parties-in interest filed a document entitled "Advisory to the Court" on the same issue as the relator's Emergency Motion. The "Advisory" is seeking "guidance" from the Court. Both the Emergency Motion and the Advisory demonstrate unreasonable interpretations of prior orders and notices of this Court.

This Court is not in a position to, and will not, micromanage the underlying proceedings. There are already two trial courts and a regional presiding judge and this appellate Court involved in what does not appear to be a particularly complicated domestic relations case. It is only the actions of the respondent trial judge, Bob Carroll,

that are at issue in this mandamus proceeding. Respondent was appointed by the Regional Presiding Judge, Mary Murphy, to decide certain motions in the underlying domestic relations proceeding because the relator had asserted that the trial court judge hearing the case, Joe Grubbs, was unable to continue to decide matters to resolve that proceeding.

The above referenced Advisory asserts that "This Court [the Tenth Court of Appeals] has directed Judge Bob Carroll to resolve motions relevant to the Petition for Mandamus." This is an errant and unreasonable reading of our prior order.

Initially, this Court issued a stay of all proceedings in the pending domestic relations matter and ordered that all matters, including the domestic relations proceeding, be mediated. Mediation was unsuccessful. Thereafter, we lifted the stay except as to treating the sanctions ordered against relator, who is counsel for one of the parties in the underlying domestic relations proceeding, as having been violated.

Recognizing that the scope of the respondent's jurisdiction was possibly limited by the regional presiding judge's order of appointment, statutes, and local rules regarding the exchange of benches among the district courts in Ellis County, this Court, by its order partially lifting the stay, sought to clarify that the respondent trial court was expressly authorized to proceed to decide anything within its jurisdiction, expressly including motions filed before, during, or after the stay was entered or lifted. Further, in an effort to avoid any confusion, this Court also expressly authorized respondent to reconsider the events, motions, and all resulting orders that were the basis for relator's

Petition for Writ of Mandamus.

The Advisory is simply wrong in its assertion that this Court "directed" the respondent court to do anything. Recognizing, however, that the trial court could have modified its prior orders, and thus the extent of or need for mandamus relief could be impacted, this Court requested a status report. *See In re Duncan*, 62 S.W.3d 333, 334 (Tex. App.--Houston [1st Dist.] 2001, orig. proceeding) (action by trial court after mandamus filed resulted in dismissing mandamus as moot); *see also In re Luna*, 317 S.W.3d 484 (Tex. App.—Amarillo 2010, orig. proceeding) (same); *In re Gabriel*, No. 10-10-00290-CR, 2010 Tex. App. LEXIS 8483 (Tex. App—Waco, Oct. 20, 2010, orig. proceeding) (not designated for publication) (same).

The relator's Emergency Motion asserts that the trial court has scheduled a hearing to consider certain matters or hold a status hearing on May, 8, 2015. Further, relator asserts that this Court has not authorized the respondent to hold "hearings" on any matter. This too, is an unreasonable interpretation of this Court's order.

This Court would not authorize a trial court to consider, reconsider, or make rulings without a hearing. The very act of considering the issues and making a decision is a hearing. Furthermore, the Court would not limit the type or nature of the hearing the respondent thought was necessary to one form, such as a chambers hearing, to the exclusion of another type hearing, such as a live hearing with argument or an evidentiary hearing, etc. To place such a restriction on a trial court would be to hand-cuff the trial court's decision making authority and would be ill advised even if it was

within our power to do so.

Accordingly, it is:

ORDERED that "Relator's Emergency Motion to Quash Hearing Setting and Proposed Order" filed on May 6, 2015 is DENIED;

ORDERED that "Relator's Motion to Quash Honorable Joe Grubb's Motion to Defer Sanctions" filed on March 18, 2015 is DENIED;

ORDERED that "Motion for Leave to Set Attached Motion to Defer Sanctions Portion of Order for Hearing in the District Court" filed on March 17, 2015 is dismissed as moot; and

ORDERED that a response to relator's Petition for Writ of Mandamus is requested. Any party that desires to do so must file a response by May 28, 2015.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motions denied
Motion dismissed as moot
Response requested
Order issued and filed May 7, 2015

