**Opinion issued July 7, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-14-00989-CV

_____

## IN RE SHAYNA (DEBOISE) HERRING, Relator

_____

## Original Proceeding on Petition for Writ of Habeas Corpus

_____

## MEMORANDUM OPINION

On December 12, 2014, the relator, Shayna (Deboise) Herring, filed a redacted petition for a writ of habeas corpus arising from a contempt proceeding where the trial court's December 11, 2014 commitment order sentenced her to 180 days in jail to be served on weekends beginning Friday, December 12, 2014, at

6:00 p.m.[1]  Herring's habeas petition sought to vacate or revise the trial court's December 11, 2014 commitment order, or to suspend it and order her discharged from custody pending resolution of her petition by this Court.  On December 12, 2014, we ordered Herring discharged from custody upon her filing a $500.00 bond pending further consideration of her petition, and requested a response from the real party in interest, Caston Lee Deboise, Herring's ex-husband.  We received the real party in interest's response and further received Herring's reply.

On February 25, 2015, Herring filed a motion to abate her habeas petition to allow the new presiding judge to reconsider the challenged order holding Herring in contempt, signed on December 11, 2014, by the previous presiding judge.  *See* TEX. R. APP. P. 7.2(a).  On March 3, 2015, this Court granted Herring's motion to abate.  On June 2, 2015, the trial clerk filed a supplemental clerk's record in this Court containing the trial court's revised order, signed on May 4, 2015, which vacated the challenged order of contempt.

Because it appeared that this Court may no longer have jurisdiction after the trial court vacated the challenged order, since Herring had received the relief she requested in her habeas petition, this Court issued an order and notice of intent to

---

[1]  The underlying case is *In the Interest of J.P.D., A Child*, Cause No. 2010-45732, in the 247th Judicial District Court of Harris County, Texas, the Honorable John Schmude, currently presiding.

dismiss on June 11, 2015, reinstating the case and ordering Herring to file a written response within ten days showing how this Court has jurisdiction or else this petition might be dismissed. No timely response was filed.

Thus, because Herring has received the relief requested in her habeas petition, we dismiss the petition as moot. *See In re Jackson*, No. 01-12-00020-CV, 2012 WL 405707, at *1 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, orig. proceeding) (mem. op.) (dismissing mandamus petition as moot after relator received relief requested) (citing *In re Duncan*, 62 S.W.3d 333, 334 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (per curiam) (dismissing mandamus petition seeking to vacate arrest warrant as moot after trial court issued another order withdrawing prior arrest warrant)).

## CONCLUSION

Accordingly, we **dismiss** Herring's petition for a writ of habeas corpus as moot. *See* TEX. R. APP. P. 52.8(a). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Massengale.