# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00023-CV

---

**In re Jason Rigolli**

---

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

---

### M E M O R A N D U M   O P I N I O N

Jason Rigolli petitioned for a writ of habeas corpus because he was confined under the terms of a December 18, 2025 contempt order and a December 18, 2025 order of confinement. On his motion for temporary emergency relief, we ordered the Williamson County Sheriff to discharge him on a personal bond because a serious question concerning the habeas relief requested required further consideration. *In re Rigolli*, No. 03-26-00023-CV, 2026 WL 110736, at *1 (Tex. App.—Austin Jan. 14, 2026, order) (per curiam). We also ordered him and the real party in interest, Laura Rigolli, to file status reports about future actions that Laura[1] said that the respondent trial court was soon to take to amend its relevant orders, and we ordered that "in all events, each party should file a status report by January 21, 2026." *Id.* Laura timely filed her status report; Jason's was filed late. Also, the respondent trial court forwarded to us its January 20, 2026 Amended Order on Contempt and Purge Conditions.

---

[1] Because the parties share a surname, we refer to them by their given names to reduce confusion.

According to Laura's status report and to the respondent trial court's submission to this Court, Jason is no longer confined and can no longer be confined under just the terms of the December 18, 2025 contempt order and order of commitment—the two orders that are the subject of this pending habeas proceeding. Also according to Laura's and the trial court's submissions, Jason has until February 11, 2026, to comply with the trial court's Amended Order to purge his contempt before he may be confined again.

Because, in light of Laura's and the trial court's submissions, Jason can no longer be confined under just the terms of the orders at issue in this habeas proceeding, and considering that Jason's status report acknowledges that he is not confined, we conclude that this habeas proceeding is now moot and dismiss it. *See In re Howell*, No. 05-00-00606-CV, 2000 WL 566747, at *1 (Tex. App.—Dallas Apr. 26, 2000, orig. proceeding [habeas corpus denied]) (not designated for publication); *see also In re Duncan*, 62 S.W.3d 333, 334 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (per curiam) (same result, in context of confinement under terms of alias capias issued after trial court concluded that relator was ineligible for post-conviction-appeal bond). The trial court's Amended Order is not the subject of Jason's habeas petition, his confinement under the Amended Order is currently a "speculative possibility,"[2] and his petition does not present grounds with supporting arguments and citations for mandamus relief. *See In re Look*, No. 01-02-00959-CV, 2003 WL 876650, at *2 (Tex. App.—Houston [1st Dist.] Mar. 5, 2003, orig. proceeding) (mem. op.); *see also In re Cornyn*, 27 S.W.3d 327, 332 (Tex. App.—Houston

---

[2] For example, Jason in his status report asserts that he "continues to pursue compliance efforts and to engage in discussions regarding a negotiated resolution" to the purge condition set forth in the trial court's Amended Order, efforts that if successful would prevent future confinement.

[1st Dist.] 2000, orig. proceeding) ("Mandamus will generally not lie over a contempt order assessing confinement, and neither will habeas relief if, as here, the confinement was suspended.").

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Filed: February 4, 2026

3